[No. C022594. Third Dist. Aug. 30, 1996.]

DAVID R. REAM, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Responent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Rothschild & Wishek and M. Bradley Wishek for Petitioner.

No appearance for Respondent.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and Janet Gaard, Deputy Attorney General, for Real Party in Interest.

**OPINION** .

**PUGLIA, P. J.**—Penal Code section 803, subdivision (g) (section 803(g)), enlarges the period of limitations for prosecution of specified sex offenses to allow a "criminal complaint" to be filed "within one year of the date of a report to a law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim . . ." of a specified sex offense. We shall conclude that section 803(g) is not implicated where, as here, the report of those offenses to a law enforcement agency is made not by the victim, who is unaware she was so victimized, but by a person other than the victim.

Petitioner is the defendant in a criminal action pending in respondent superior court in which he is charged with three counts of violation of Penal Code section 288, subdivision (a) (section 288(a)), an offense specified in

section 803(g). The six-year statute of limitations applicable to violation of section 288(a) (Pen. Code, § 800) had expired as to all three counts before the prosecution commenced.[1] Unless the additional one-year period prescribed by section 803(g) applies, *this* prosecution is time-barred by Penal Code section 800.

Petitioner (defendant) seeks a writ of mandate to compel the respondent superior court to vacate its order denying and to grant his motion to dismiss the three counts of the amended information charging him with violation of section 288(a). Defendant moved for dismissal on the ground section 803(g) does not apply because the report to a law enforcement agency alleging he committed these offenses was made not by the victim but by another person. Because the language of section 803(g) clearly and unambiguously requires that the report be made by the victim, we shall order the writ to issue.

I

The amended information charging defendant with three counts of violating section 288(a), alleges that between February 1, 1988, and March 23, 1990, defendant placed his finger in and his mouth on the vagina of Tarah R., a child under the age of 14 years, to wit, "age 6-7 years." The amended information alleges the period of limitations for these offenses had not expired as of January 1, 1994, the effective date of section 803(g).[2] A fourth count of the amended information charges defendant with knowingly possessing matter depicting persons under age 14 engaged in sexual conduct. (Pen. Code, § 311.11, subd. (a).)

The prosecution was commenced on June 1, 1995, by the filing of the original information. (See Pen. Code, § 804, subd. (a).) The original information charged defendant with only two counts of violation of section 288(a), both involving Tarah R. Defendant moved to dismiss those two counts in the superior court on the ground prosecution was barred by expiration of the six-year statute of limitations. The only evidence linking defendant to the section 288(a) charges consisted of 10 Polaroid photographs turned over to law enforcement officers by defendant's ex-wife. Evidence

---

[1]Since expiration occurred after January 1, 1994, the date section 803(g) became effective, there is no issue of retroactive application of section 803(g).

[2]The statute of limitations for an offense punishable by imprisonment in the state prison for eight years or more is six years (Pen. Code, § 800). Violation of section 288(a) is punishable by imprisonment in the state prison for three, six, or eight years. (§ 288(a).) For purposes of the statute of limitations, an offense is deemed punishable by the maximum punishment prescribed by statute. (Pen. Code, § 805, subd. (a).) The six-year statute of limitations for these three offenses, as they are alleged in the amended information, expired between February 1, 1994, and March 23, 1996.

produced at the motion to dismiss established that the photographs were taken more than six years before the prosecution commenced. Moreover, the victim depicted in the photographs had not reported the molestations to a law enforcement agency and in fact had told an investigator that defendant had not molested her.

Defendant argued the prosecution was time-barred because the six-year period of limitations had expired and section 803(g) does not apply to extend the statute of limitations where the victim of the offenses had not made a report of her molestation to a law enforcement agency.

The People conceded the evidence established that the section 288(a) violations were committed during the summer or fall of 1988, i.e., more than six years before June 1, 1995, when the original information was filed. The People nevertheless opposed defendant's motion to dismiss, explaining that the victim, now 13 years old, appeared to be unaware she had been molested as indicated by her response to the investigator. The People pointed out that in the 10 Polaroid photographs, the victim's eyes are closed and she appears to be either in a deep sleep or drugged. The People asserted section 803(g) applies to enlarge the period of limitations notwithstanding the victim had not reported her molestation to law enforcement. The People relied upon the fact the defendant's ex-wife turned over the incriminating photographs and reported the molestations of the victim to law enforcement in February 1995, less than one year before the information was filed on June 1, 1995. The People argued it would be absurd to construe section 803(g) to require the People to inform the victim of the crimes committed against her so that she could make a report of those crimes to law enforcement in order that defendant might be prosecuted.

At the hearing on the motion to dismiss, the respondent court viewed the 10 Polaroid photographs as well as numerous other photographs depicting the victim's appearance during the time period of the offenses as alleged in the information. The 10 photographs depicting the molestations show the victim still had baby teeth. Based on photographic evidence that by February 1989 the victim had lost her baby teeth, the respondent court found that the section 288(a) offenses were committed prior to February 1989, more than six years before the prosecution was commenced.

However, the respondent court denied the motion to dismiss, reasoning that the Legislature intended that a report from a person not the victim would satisfy section 803(g), and did not intend to require the People to inform the victim of the crimes perpetrated against her where, as here, the defendant's culpability as memorialized in the Polaroid photographs is fairly undisputed,

the victim remains unaware of the crimes against her and is still a minor of tender years, and the People have in all other respects complied with the statute.[3]

On January 11, 1996, we stayed the trial and requested opposition from the People. After receiving the People's opposition on April 5, 1996, we notified the parties we were considering issuing a peremptory writ of mandate in the first instance and requested further opposition. The time for further opposition has expired, and we have complied with the procedural requirements delineated in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]. We are thus authorized to issue a peremptory writ of mandate in the first instance.

## II

"[I]n California the statute of limitations constitutes a substantive rather than a procedural right . . . . [I]t is now well settled that a conviction, even if based on a plea of guilty, is subject to collateral attack if the charge was originally barred by the applicable limitation period. [Citations.]" (*People* v. *Zamora* (1976) 18 Cal.3d 538, 547 [134 Cal.Rptr. 784, 557 P.2d 75].)

In construing a statute of limitation, as with any statute, we apply the oft-quoted principles of statutory construction: "Our analysis starts from the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.]" (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].)

"But the 'plain meaning' rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose . . . ."

---

[3] At the same time that defendant filed the motion to dismiss the two section 288(a) charges in the original information, the People moved to file an amended information to add a third count of violation of section 288(a). The parties agreed that respondent court could rule on defendant's motion to dismiss prior to ruling on the motion to amend. Thus, defendant's motion to dismiss, directed at the original information, necessarily addressed only the two counts of violation of section 288(a) charged in the original information. After the superior court denied defendant's motion to dismiss, it granted the People's motion to amend. The two section 288(a) counts in the original information were included in the amended information together with a third section 288(a) count. Since it is undisputed that the third count involves the same victim, the same time period, and the same evidence (i.e., the ten photographs) as the original two counts, our analysis applies as well to all three counts. In the interest of judicial economy, we therefore deem defendant's motion to dismiss to encompass all three section 288(a) counts charged in the amended information.

(*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) "Of course, ' " 'language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.' " ' [Citation.]" (*People* v. *Broussard* (1993) 5 Cal.4th 1067, 1071 [22 Cal.Rptr. 278, 856 P.2d 1134].) "Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." (*Lungren* v. *Deukmejian, supra,* 45 Cal.3d at p. 735.)

Section 803(g) provides: "Notwithstanding any other limitation of time described in this section, a criminal complaint may be filed within one year of the date of a report to a law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a, 288.5, 289, or 289.5. This subdivision shall apply only if both of the following occur: [¶] (1) The limitation period specified in Section 800 or 801 has expired. [¶] (2) The crime involved substantial sexual conduct, as described in subdivision (b) of Section 1203.066, excluding masturbation which is not mutual, and there is independent evidence that clearly and convincingly corroborates the victim's allegation. No evidence may be used to corroborate the victim's allegation which would otherwise be inadmissible during trial. Independent evidence shall not include the opinions of mental health professionals."

■ The relevant language of section 803(g) is clear and unambiguous. A prosecutor may file a complaint charging any of the specified sex offenses within 1 year of the date of "a report to a law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of" the offense. The statute makes no reference to a report by a person who is not a victim. Indeed, the statute requires "independent evidence that clearly and convincingly corroborates *the victim's* allegation" (italics added) and proscribes evidence not admissible during trial "to corroborate *the victim's* allegation" (italics added).

The People invoke the rule that the plain language of a statute will not be followed if it achieves an absurd result unintended by the Legislature. The People argue it would be absurd to interpret section 803(g) to require the People to inform the victim of the crimes committed against her so that she might report back to the People her molestation in order that prosecution

may be commenced free of the bar of the statute of limitations. It is equally absurd, the People assert, that the Legislature would enlarge the statute of limitations to protect a victim who is aware of the offense committed against her but not to protect "a vulnerable victim who was unaware of the crimes because she was asleep." The People contend the Legislature could not have intended such a result because it is inconsistent both with the mandate of Penal Code section 288, subdivision (d), to "do whatever is necessary . . . and constitutionally permissible to prevent psychological harm to the child victim . . . ," and with the asserted legislative purpose of section 803(g) to protect vulnerable children. The People argue public policy requires this court to interpolate into section 803(g) an "implied exception" to the victim-reporting requirement "for an unaware victim."

We do not agree that application of section 803(g) according to its plain language achieves an absurd result. So applied, section 803(g) does not require the People to inform the victim of the crimes committed against her; it simply requires a report to law enforcement by the victim to remove the bar of the statute of limitations absent which, in this case, prosecution remains time-barred.[4]

Nor is it absurd to extend the statute of limitations for aware but not for unaware victims. The Legislature may well have recognized that youthful victims of sexual abuse may be dissuaded from reporting abuse at the time of its occurrence by shame, fear of the consequences, intimidation by the abuser, or psychological trauma.[5] The Legislature may reasonably have intended to enlarge the statute of limitations to accommodate only such cases. The Legislature is aware that commission of sexual offenses on unconscious victims is particularly egregious and thus has long provided enhanced punishment for sodomizing or orally copulating an unconscious victim. (Pen. Code, §§ 286, subd. (f); 288a, subd. (f). See *In re Misener* (1985) 38 Cal.3d 543, 552 [213 Cal.Rptr. 569, 698 P.2d 637] [Legislature is

---

[4]The prosecution represented to the superior court that it did not intend to inform the victim of the crimes committed against her even if failure to do so would effectively bar prosecution.

The victim's mother was not involved in reporting these offenses to the police and in fact was unaware they had occurred until shown the photographs by a police officer. The record does not disclose the mother's position with respect to informing the victim.

[5]In 1991, the Assembly Committee on Public Safety conducted an interim hearing on "The Criminal Statute of Limitations for Child Sexual Abuse Offenses," in conjunction with its consideration of an Assembly bill which would have extended the statute of limitations for sex offenses in language essentially the same as that in section 803(g). The report for the interim hearing indicated that victims of childhood sexual abuse often fail to report the abuse until adulthood for a variety of reasons, including amnesia, "being unsure whether the incident was right or wrong, being ashamed or dismissing the incident," "threats by the perpetrator, fear of blame, fear of the consequences, and having no one in which to confide." (Assem. Com. on Public Safety, Interim Hearing Rep. (Oct. 8, 1991) pp. 4-7.)

presumed to act with full knowledge of the state of the law].) If it were the intent to enlarge the statute of limitations in cases where an unconscious minor was the victim of a sex offense in order to allow prosecution even while the victim remains unaware of her victimization, the Legislature presumably would have expressly said so.

The remaining and related issue is whether the Legislature actually intended for the report of a sexual offense by a person other than the victim to trigger the extended statute of limitations of section 803(g), despite the plain language of the statute requiring a report by the victim. Again, because the People are not required to inform the victim of the crimes committed against her, the plain language of section 803(g) does not conflict with the legislative intent of subdivision (d) of Penal Code section 288 to protect child victims from psychological harm.

Moreover, the available legislative history demonstrates that the Legislature was concerned with the problem of child victims of sex crimes who wait until they are adults to report sex offenses committed against them. Prior to the enactment of of section 803(g), subdivision (f) of section 803 permitted, notwithstanding any other limitation of time, the filing of a "criminal complaint" within one year of "a report to a responsible adult or agency by a child under 17 years of age" that the child was the victim of a specified sex offense. (Stats. 1990, ch. 587, § 2, pp. 2997-2998.) In 1993, the Legislature enacted Assembly Bill No. 290, 1993-1994 Regular Session, which amended subdivision (f) of section 803 to change age 17 to age 18 (among other things), and added section 803(g). (Stats. 1993, ch. 390, § 1.)

The staff report to the Assembly Committee on Public Safety explained: "AB 290 creates a new exception to the statute of limitations by allowing a person of any age to allege that he or she was a victim of a specified sex offense, when under 18 years of age, if there is independent evidence that clearly and convincingly corroborates the victim's allegation. . . ." The staff report describes the purpose of the bill: "According to the author [Assembly Member Boland], [c]hild sexual abuse cases frequently come to the attention of law enforcement wherein the victim, now an adult reveals that they [sic] had been sexually abused as a child. These cases involve specific details and are often accompanied by an admission by the perpetrator. However, due to the statute of limitations, a case of this sort cannot be pursued in criminal court unless the crime was committed within six years of

the disclosure." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 290 (1993-1994 Reg. Sess.) p. 2.)[6]

Nothing in the legislative history suggests the Legislature intended, despite the use of language inconsistent therewith, to extend the statute of limitations upon the report of a nonvictim or to extend the statute of limitations in cases of unconscious victims of sex offenses who, unaware of their victimization, are unable so to report. If the Legislature had intended those results, it would have expressly said so.[7]

Let a peremptory writ of mandate issue directing the respondent superior court to dismiss counts one, two and three of the amended information. The stay previously issued will remain in effect until this decision becomes final.

Sims, J., and Scotland, J., concurred.

---

[6]Other legislative staff reports essentially repeat the same analysis of the background, purpose and legislative history of Assembly Bill No. 290. (Assem. Bill No. 290 (1993-1994 Reg. Sess.) 3d reading analysis; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 290 (1993-1994 Reg. Sess.).)

[7]Even though *this* prosecution is time barred, these charges may yet be prosecuted if, at any time in the future, the victim reports these offenses to a law enforcement agency, there is evidence of substantial sexual conduct and independent corroborative evidence, and prosecution is commenced within one year of the date of the victim's report (§ 803(g)). The offenses listed in section 803(g) are never categorically time-barred. The potential to prosecute persists coextensively with the contemporaneous availability of the victim and the defendant respectively to prosecute and be prosecuted.

Section 803(g) allows the prosecution to commence by the filing of "a criminal complaint." Penal Code section 804 specifies for the purpose of the chapter which includes section 803(g) the acts which will commence a prosecution and toll the statute of limitations. The specified acts which will commence a prosecution for felony do not include filing of "a criminal complaint." We express no view as to the legal significance of this apparent anomaly.