[No. A097873. First Dist., Div. Three. Dec. 30, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR MANUEL RENDEROS, Defendant and Appellant.

[No. A103588. First Dist., Div. Three. Dec. 30, 2003.]

In re VICTOR MANUEL RENDEROS, on Habeas Corpus.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*This opinion is certified for partial publication only. (Cal. Rules of Court, rules 976(b) and 976.1.) The portions to be published are the three paragraphs of the introduction of the opinion, Part I.A. of the Discussion, and the Disposition.

[black redaction bars]

## Counsel

Robert J. Beles and Paul McCarthy for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Gregg E. Zywicke, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**PARRILLI, J.—** ■ In this case we hold Penal Code section 803, subdivision (g) (section 803(g)), does not violate ex post facto principles when it is used to extend the unexpired time in which criminal charges may be brought for certain offenses involving substantial sexual conduct against minors.

After a jury trial, Victor Manuel Renderos was found guilty of 26 counts of sex offenses against a child under the age of 14 years, as designated in section 803(g). The usual statute of limitations for the offenses was six years under Penal Code, section 800. Before the six-year period expired for each offense, however, section 803(g) was enacted. Section 803(g) permits the filing of a criminal complaint within one year of the victim's report of the offenses so long as the offenses involve defined substantial sexual conduct and there is independent evidence that clearly and convincingly corroborates the allegations. Based upon its true findings the section 803(g) requirements had been met for each offense, the jury determined the People had timely commenced the prosecution.

By a separate motion, Renderos now seeks summary reversal of his convictions, arguing the prosecution was barred by the six-year statute of limitations and any extension under section 803(g) was unconstitutional. In the published portion of the opinion, we conclude the application of section 803(g) to the offenses for which defendant was convicted does not operate as an ex post facto law. In the unpublished portion of the opinion, we conclude there is no merit to Renderos's additional arguments challenging his convictions and sentences; and we summarily deny his petition for a writ of habeas corpus based upon a claim his trial counsel was ineffective.

## FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I. Timeliness of Prosecution

#### A. Statutory Extension of Statute of Limitations

Renderos was convicted of felony sex offenses in violation of Penal Code section 288, 288a, 289, and 288.5[4], committed between May 1, 1992 and September 19, 1994. Under section 800, the People were required to commence prosecution within six years of the commission of the offenses. However, before the six-year period in section 800 expired for any of the offenses, the Legislature enacted section 803, subdivision (g) (section 803(g)). (Stats. 1993, ch. 390, § 1, pp. 2224–2226 eff. Jan. 1, 1994, amended Stats. 1996, ch. 130, § 1, eff. Jan. 1, 1997, and Stats. 1997, ch. 29, § 1, eff. June 30, 1997.) Section 803(g) currently provides, in relevant part: "(1) Notwithstanding any other limitation of time in [section 800 or 801], a criminal complaint may be filed within one year of the date of a report to a California law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a, 288.5, 289, or 289.5. [¶] (2) This subdivision applies only if . . . [¶] (A) The limitation period specified in Section 800 or 801 has expired."

After Renderos filed his opening brief and the People filed their responsive brief, Renderos moved for summary reversal of the convictions, relying upon the United States Supreme Court's ruling in *Stogner v. California* (2003) 539 U.S. 607 [156 L.Ed.2d 544, 123 S.Ct. 2446] (*Stogner*). In an order dated July 7, 2003, we deferred ruling on the motion. We now deny the motion for summary reversal.

---

*See footnote, *ante*, page. 961.

[4] All further unspecified statutory references are to the Penal Code.

■ In *Stogner, supra*, the United States Supreme Court held ex post facto principles barred the application of section 803(g) to those cases where the statute of limitations on the charged offenses had expired before January 1, 1994. (*Stogner, supra*, 539 U.S. ___ [123 S.Ct. at p. 2461].) The court, however, expressly noted its holding did not affect or otherwise "prevent the State from extending time limits . . . for prosecutions not yet time barred." (*Id.* at p. ___ [123 S.Ct. at p. 2461].) Thus, the only consequence of *Stogner* is that any enumerated crime must be committed or the limitations period in section 800 or 801 must expire after January 1, 1994 (the effective date of the statute) in order for the extended one-year period to apply. Because the limitations period in section 800 for all the offenses charged in this case expired after January 1, 1994, section 803(g) does not violate any constitutional provision against *ex post facto* laws.[5] (See, also, *Harris v. Superior Court* (1988) 201 Cal.App.3d 624, 630, fn. 3 [247 Cal.Rptr. 620]; *People v. Lewis* (1986) 180 Cal.App.3d 816, 822–823 [225 Cal.Rptr. 782]; *People v. Sample* (1984) 161 Cal.App.3d 1053 [208 Cal.Rptr. 318]; *People v. Eitzen* (1974) 43 Cal.App.3d 253, 266–267 [117 Cal.Rptr. 772].)

Renderos acknowledges "the Legislature could probably have enacted an extension of the statute of limitations in section 800 in 1994 that would have survived a challenge as an ex post facto law." He contends, however, section 803(g), by its express terms, cannot be read as merely "extending" or "tolling" the statute of limitations for crimes committed before January 1, 1994, where the limitations period under section 800 or 801 had not expired. He premises his argument upon two factors: (1) the proviso in subsection (2) of section 803(g) that subdivision (g) applies only if "the limitation period specified in Section 800 or 801 has expired"; and (2) because there must always be an interim period in which the prosecution is time barred (between the expiration of the statute of limitations in section 800 or 801 and the filing of a report by the victim), section 803(g) cannot be interpreted as a "toll" or "extension" of the six-year statute of limitations. Thus, he argues section 803(g) can only be read as "reviving" time-barred actions, which is prohibited by the ruling in *Stogner*. We conclude the statute can be read to withstand Renderos's ex post facto challenge.[6]

■ Subdivision (g) of section 803, provides: *"Notwithstanding any limitation"* in section 800 or 801, the People may pursue a prosecution of certain

---

[5] Although the 1996 amendment to the statute expressly made section 803(g) retroactive to all offenses committed before, on, or after January 1, 1994 (§ 803(g)(3)(A)), that amendment did not change but merely clarified the effect of the 1994 law. (*People v. Frazer* (1999) 21 Cal.4th 737, 753 [88 Cal.Rptr.2d 312, 982 P.2d 180], abrogated on other grounds in *Stogner, supra*, 539 U.S. at p.___ [123 S.Ct. at p. 2453].)

[6] Renderos does not challenge the application of section 803(g) on the ground the law should not be given retroactive effect, an argument recently rejected by the Fifth Appellate District in *People v. Robertson* (2003) 113 Cal.App.4th 389 [6 Cal.Rptr.3d 363].

sexual offenses involving minors within one year from the time a victim files a report. The proviso that the subsection does not apply unless the statute of limitations has expired in section 800 or 801 "obviously ensures that the one-year period in section 803(g)(1) does not override or otherwise conflict with sections 800 or 801 where the victim reports the crime to a qualifying law enforcement agency before the three-year or six-year period set forth in the latter provisions 'has expired.' In this way, the limitations period in section 803(g)—like other 'tolling' and 'extension' provisions in the same statute— serves to prolong, rather than shorten, the time in which a felony child molestation prosecution may be commenced." (*People v. Frazer, supra,* 21 Cal.4th at p. 752.) Thus, for those offenses committed before January 1, 1994, but where the statute of limitations in section 800 or 801 had not yet expired as of that date, section 803(g) can be read as "extending" the statute of limitations so that a prosecution is timely if it is commenced no more than one year after a victim reports the abuse to an appropriate law enforcement agency. That the People could not prosecute the action until a report was filed by the victim (*Ream v. Superior Court* (1996) 48 Cal.App.4th 1812, 1819 [56 Cal.Rptr.2d 550]) does not support Renderos's contention the statute as applied to him had the effect of "reviving" a prosecution barred by the statute of limitations. Because the statute of limitations under section 800 had not expired when section 803(g) became effective on January 1, 1994, section 803(g) permitted the People to commence prosecution for the offenses within one year after the filing of the report of abuse, notwithstanding the limitation period in section 800.

B.–C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.–IX.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 961.

## DISPOSITION

The motion for summary reversal is denied, the judgment is affirmed, and the petition for a writ of habeas corpus is summarily denied.

McGuiness, P. J., and Corrigan, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 14, 2004.