[No. B170313. Second Dist., Div. Four. Mar. 17, 2004.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MICHAEL GERMAN, Real Party in Interest.

## Counsel

Steve Cooley, District Attorney, George M. Palmer and Brent Riggs, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Michael P. Judge, Public Defender, Albert J. Menaster and Mark G. Harvis, Deputy Public Defenders, for Real Party in Interest.

**OPINION**

**HASTINGS, J.—**

## INTRODUCTION

In this case we are called upon to construe the effect of Penal Code section 803, subdivision (g)(1) (hereafter section 803(g)).[1] That subdivision states: "Notwithstanding any other limitation of time described in this chapter, a criminal complaint may be filed within one year of the date of a report to a California law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section . . . 288."

On March 28, 2001, Michael German was charged with the felony of committing a lewd act upon a child under age 14 between the dates of January 1, 1993, and January 31, 1995. The crime charged was punishable by a sentence to state prison for three, six or eight years. (§ 288, subd. (a).) It was also alleged that pursuant to section 803(g), the victim made a police report within one year prior to the filing date.

Ultimately, German pleaded no contest to the charge, was convicted, and was sentenced to six years in prison.

In 2003, German petitioned for a writ of habeas corpus. He argued that the charged crime was subject to a six-year statute of limitations, which, but for the application of section 803(g), would have precluded the prosecution. Citing *Stogner v. California* (2003) 539 U.S. 607 [156 L.Ed.2d 544, 123 S.Ct. 2446], he urged that section 803(g) violated the ex post facto clause of the United States Constitution. The trial court agreed and set aside the conviction.

Upon petition by the People, we issued an order to show cause why a peremptory writ of mandate should not issue setting aside the order of the trial court and reinstating German's conviction. We also issued a temporary stay of the trial court's order.

We conclude that application of section 803(g) to the facts of this case does not result in a violation of the ex post facto clause. Contrary to the facts in *Stogner*, here, the statute of limitations had not yet run on the crime charged when section 803(g) was enacted. We grant the peremptory writ of mandate and order the trial court to set aside its order granting habeas corpus and to reinstate German's conviction.

---

[1] All further references are to the Penal Code unless otherwise noted.

## DISCUSSION

Generally, prosecution of a crime punishable by state imprisonment for up to eight years or more, as here, "shall be commenced within six years after commission of the offense." (§ 800.) Because it was alleged here the crime occurred between January 1, 1993, and January 31, 1995, but for application of section 803(g), the latest German's prosecution could have been filed was January 31, 2001.

But section 803(g) carves out an exception to the general rule for sex crimes against minors. It allows an action to be filed within one year from the date of a report to an appropriate agency by the victim of a crime described in section 288, if that victim was under the age of 18 years when the crime occurred. For subdivision (g)(1) of section 803 to apply, subdivision (g)(2)(A) requires that "[t]he limitation period specified in Section 800 . . . has expired." As previously noted, the statute of limitations had expired on the crime charged no later than January 31, 2001. This action was first filed on March 28, 2001, within one year from the date the crime was first reported.

Section 803(g) was enacted in 1993, effective in 1994. Subdivision (g)(3)(A) provides in pertinent part that subdivision (g) "applies to a cause of action arising before, on, or after January 1, 1994, the effective date of this subdivision, and it shall revive any cause of action barred by Section 800 . . . if . . . [¶] (ii) The complaint . . . is or was filed subsequent to January 1, 1997, and it is or was filed within the time period specified within this subdivision." This action meets these requirements.

At issue here is the constitutionality of application of section 803(g) to the facts of this case. The People maintain that the provision is a permissible "extension" statute of limitations, a statute enacted before the applicable statute of limitations has run and which extends the time to file a criminal complaint. (See *People v. Lewis* (1986) 180 Cal.App.3d 816, 822–823 [225 Cal.Rptr. 782].) German argues that section 803(g) is an impermissible "revival" statute, a statute passed after an already expired statute of limitations which revives the right to file a statutorily barred criminal action. The Supreme Court in *Stogner v. California, supra,* 539 U.S. 607 [123 S.Ct. 2446], concluded that section 803(g), as applied to the facts of that case, was an improper revival statute.

In *Stogner,* the defendant was indicted in 1998 for sex-related child abuse crimes alleged to have been committed between the years 1955 and 1973. It was also alleged that the crimes were reported within one year of filing of the indictment by a victim who had been a minor at the time the crimes were committed. The statutes of limitation for the crimes charged against Stogner

had run many years prior to 1993, when section 803(g) was enacted. Stogner challenged the filing as violation of the ex post facto clause of the United States Constitution. The Supreme Court agreed. It noted that the criminal prosecution was under "a new law that (1) permits resurrection of otherwise time-barred criminal prosecutions, and (2) was itself enacted *after* pre-existing limitations periods had expired. We conclude that the Constitution's *Ex Post Facto* Clause, Art. I, § 10, cl. 1, bars application of this new law to the present case." (123 S.Ct. at p. 2448.)

*Stogner* recognized a distinction between an *extension* statute and a *revival* statute: "Even where courts have upheld extensions of *unexpired* statutes of limitations (extensions that our holding today does not affect . . .), they have consistently distinguished situations where limitations periods have *expired*. Further, they have often done so by saying that extension of existing limitations periods is not *ex post facto* 'provided,' 'so long as,' 'because,' or 'if' the prior limitations periods have not expired—a manner of speaking that suggests a presumption that revival of time-barred criminal cases is *not* allowed. [Citations.]" (*Stogner v. California, supra,* 123 S.Ct. at p. 2453.)

Subsequent to *Stogner*, the Fifth Appellate District addressed section 803(g) in *People v. Robertson* (2003) 113 Cal.App.4th 389 [6 Cal.Rptr.3d 363]. There, the defendant was charged with multiple counts. Count 1 alleged a violation of section 288, subdivision (a), a lewd and lascivious act with a child under age 14 committed between January 1, 1990, and November 30, 1991. It was also alleged that the statute of limitations had been extended by reason of section 803(g). The defendant moved to dismiss the charge as a violation of the ex post facto clause. Noting that section 803(g) had been enacted before the statute of limitations had run on the crime charged in count 1, the Court of Appeal affirmed the trial court's denial of the defendant's motion to dismiss: "Section 803, subdivision (g) was retroactive for instances of *unexpired* statutes of limitations at the time it was originally passed in 1994. Because the statute of limitations in count 1 had not expired when this section went into effect in 1994, the defendant was properly prosecuted under this new statute extending the statute of limitations." (*People v. Robertson, supra,* 113 Cal.App.4th at pp. 393–394, italics added.)

German argues that *Robertson* can be distinguished because there the issue presented for the court's determination was *retroactivity*, not whether the statute was a proper extension versus improper revival statute. Referencing section 803, subdivision (g)(2)(A) he argues that before subdivision (g) may be applied, the statute of limitations must have expired. Then, he notes that the language of subdivision (g)(3)(A) specifically states that application of subdivision (g) "shall *revive* any cause of action barred by Section 800." (Italics added.)

■ While it is true the statute uses the term "revive," we agree with the Fifth District that application of section 803(g), where the statute of limitations had not run when it was first enacted, is not an unconstitutional revival statute. Rather, it extends the time for which an action may be filed beyond the date when the statute would otherwise have precluded prosecution.

The same result was obtained recently in *People v. Renderos* (2003) 114 Cal.App.4th 961 [8 Cal.Rptr.3d 163]. In *Renderos*, as here and in *Robertson*, the defendant was charged with sex crimes committed against a minor over a period of time, some of which were prior to enactment of section 803(g). But the statute of limitations had not expired on any of the crimes by the time section 803(g) was enacted. The First Appellate District rejected a challenge based upon *Stogner*: "Thus, for those offenses committed before January 1, 1994, but where the statute of limitations in section 800 or 801 had not yet expired as of that date, section 803(g) can be read as 'extending' the statute of limitations so that a prosecution is timely if it is commenced no more than one year after a victim reports the abuse to an appropriate law enforcement agency." (*Renderos*, at p. 966.)

■ We agree with the reasoning in *Robertson* and *Renderos*. While section 803(g)(3)(A) uses the term "revive," because the statute of limitations had not yet expired when section 803(g) was enacted, the statute of limitations was extended to allow for prosecution of an offense to be commenced within one year of a victim's police report.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its order granting German's petition for habeas corpus, and to enter in its place a new order denying German's petition. The temporary stay is lifted upon entry of the new order.

Epstein, Acting P. J., and Curry, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied June 9, 2004.