Filed 6/25/13  P. v. Monplaisir CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055168 |
| v. | (Super.Ct.No. INF064806) |
| DONALD JOSEPH MONPLAISIR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard A. Erwood, Judge.  Reversed and remanded with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Lise S. Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Donald Joseph Monplaisir appeals after he pleaded no contest to 12 counts of committing a lewd and lascivious act on a child under age 14

(Pen. Code, § 288, subd. (c)(1)), and 36 counts of unlawful sexual intercourse with a minor (Pen. Code, § 261.5, subd. (c), (d)). He contends that he should be entitled to withdraw his plea, because he was mistakenly told that he would be able to appeal the denial of his speedy trial motion. The People concede that defendant should be afforded the opportunity to withdraw his plea. We reverse and remand with directions.

FACTS AND PROCEDURAL HISTORY

The facts as to the offenses are derived from the probation report. The victim, defendant's daughter, was two years old when she went to live with her paternal grandmother in Haiti. The victim was eight years old when defendant came to Haiti for a visit. Defendant kissed her with an open mouth kiss. He also wanted the victim to take a shower with him, but the grandmother overheard and intervened, telling defendant his request was inappropriate.

When the victim was 11 years old, she went to visit an aunt in New York. Defendant was also visiting. Both defendant and the victim were sleeping on a pull-out sofa when the victim woke up one night as defendant held her in his arms and caressed her breasts. Defendant attempted to penetrate her with his penis, but the victim felt pain and began to cry. Defendant stopped and told the victim he was sorry.

That same year, the victim also visited her father at his home in New Jersey. She stayed with defendant for about one month. During that time, defendant began regularly touching her breasts and vagina. The victim told an older cousin about the molestation, but no one did anything further to report, investigate or stop the abuse.

When the victim was 12 years old, she again visited her aunt in New York. During this visit, defendant had sexual relations with his daughter. The victim wrote a letter about the incident, which was later discovered by her grandmother. The victim's grandmother became angry, and accused the victim of lying; her grandmother also said that, if it was true, the victim must have been asking for it.

Every year thereafter, when the victim would visit with her father, he would engage in sexual intercourse with her, as well as mutual oral sex. Defendant told his daughter that sexual relationships like theirs were common, but that "people did not talk about it." Defendant claimed to be "teaching" the victim about sex.

When the victim was 14 years old, her grandmother died. The victim then went to live with her father in La Quinta, California. When the victim came to live with him, defendant ended his relationship with his girlfriend, and immediately began having regular sex, about two or three times a week, with the victim. Defendant told the victim that he had sex with her so that he would not catch a sexually transmitted disease from someone else.

On at least one occasion while the victim was living with defendant, the victim's brother walked in on defendant and the victim while they were having sex. Defendant followed his son out of the room; when he returned, he told the victim that her brother had not seen anything. Another time, defendant took the victim to a motel to have sex. On this occasion, he told her to "make noise," because when he had sex with her at home, they normally had to be quiet so no one would hear them.

3

Usually, after having sex with the victim, defendant would make her go into the bathroom, where he would press on her abdomen in an effort to squeeze his semen out of her body to avoid pregnancy.

Defendant maintained this sexual relationship with the victim until she left home for college at age 18. When she returned home at age 19, she told defendant she would no longer allow him to have sex with her because she had learned from a college friend that it was wrong.

The victim finally reported the molestations to law enforcement officers in approximately March 2009. The Riverside County District Attorney's Office filed a felony complaint alleging 59 separate counts for offenses that allegedly occurred between 1990 and 1994.[1] Shortly after the proceedings began, defendant filed a motion to dismiss the charges as barred by the statute of limitations. Defendant argued that the statute of limitations provided in Penal Code section 803, pertaining to late discovery or disclosure of sex offenses against minors, did not exist in 1994, the last date on which an offense here was alleged to have taken place. The applicable statute of limitations in 1994 was six years for these offenses. Penal Code section 803, subdivision (f), was not enacted until 2005, more than six years after the last molestation offense. Accordingly, defendant

---

[1] The original complaint alleged: (1) 12 counts of violation of Penal Code section 288, subdivision (c)(1) (lewd and lascivious act on a child under age 16 and more than 10 years younger than the perpetrator), one for each month between August 1990 and July 1991; (2) 47 counts of violation of Penal Code section 261, subdivision (a)(2) (rape by means of force, violence or fear), one for each month between August 1990 and June 1994.

4

argued that the statute of limitations had expired before the provision relied on here had come into existence.  Even if Penal Code section 803 applied, however, defendant argued that there was no independent corroboration of the victim's allegations.

The prosecutor opposed the motion, arguing that the statute of limitations had not expired.  The provision now included in Penal Code section 803, subdivision (f), had previously existed in another subdivision of the statute; the prior version had been in effect in 1994.  The prosecutor pointed to *Stogner v. California* (2003) 539 U.S. 607 [123 S.Ct. 2446, 156 L.Ed.2d 544], in which the United States Supreme Court held that the version of Penal Code section 803 in effect at that time, did violate the ex post facto clause when applied to prosecutions that were already time-barred.  The Supreme Court also noted, however, that it would not be a violation of ex post facto principles to extend the statute of limitations as to prosecutions that were not yet time-barred at the time the extension is enacted.  (*Stogner*, at pp. 618-619; see also *People v. Vasquez* (2004) 118 Cal.App.4th 501, 504.)

While the motion to dismiss was pending, the court suspended proceedings when it expressed a doubt as to defendant's mental competence.  After reviewing the ensuing reports, the court declared defendant competent to stand trial.

In November 2009, after several months of discovery and other proceedings, defense counsel filed a purported "supplement" to the motion to dismiss, alleging that reports of the molestations had come to the attention of law enforcement officials as early as 2001, so that the current prosecution in 2009 was not timely.  The prosecutor responded that the circumstances in 2001 did not trigger the statute of limitations.  In

2001, defendant had filed a missing person report, stating that his daughter, the victim, was missing, having allegedly taken his car. Later, defendant telephoned the investigating officer to say that the victim had called and, according to defendant, the victim was accusing defendant of molesting her. Defendant, however, denied to the officer that he had molested the victim. The prosecution argued in opposition that defendant's disclosure to law enforcement officers, in the context of a different investigation, that his daughter may have accused him of molesting her is not the same thing as a report of molestation to law enforcement by a victim. The victim's report to law enforcement is the event that starts the running of the statute of limitations; no such victim report happened in 2001. The hearing on the motion was continued a number of times, until the trial court eventually denied the motion in March 2010.

In May 2010, defendant renewed the motion again urging that defendant's statement to officers in 2001, in the context of a different investigation (victim had taken defendant's car and was missing), to the effect that his daughter was accusing him of molesting her, was sufficient to initiate the statute of limitations. The court again denied the motion.

The matter proceeded to preliminary hearing. Although the magistrate indicated some uncertainty as to the element of duress with respect to the rape charges, ultimately defendant was held to answer on all charges.

Defendant moved to set aside the information under Penal Code section 995, on the ground that there was no probable cause to support the charges, again based on the theory that the statute of limitations had expired. Defendant argued that he could not be

6

held to answer, because the evidence indicated that law enforcement had received notice of the molestation allegations in 2001, and the limitations period should have begun at that time, consistent with the policies underlying the extended reporting period under Penal Code section 803, subdivision (f). In addition, the trial court had refused to take judicial notice of a transcript in connection with one of the earlier dismissal motions, particularly the testimony of the police officer who had spoken to defendant in 2001 and to whom defendant had related the statement that the victim was accusing defendant of molesting her. Of course, at the same time, defendant also denied to the officer that any touching had taken place. Defendant offered the explanation that the victim was making such accusations simply because she was angry with defendant, in the context of her having taken his car and disappeared.

The People opposed the motion to dismiss, arguing that the evidence at the preliminary hearing was sufficient to hold defendant to answer on the charges, and detailing the evidence supporting the lewd and lascivious act charges (counts 1-12), and the rape charges (counts 13-59). Penal Code section 803, subdivision (f), the applicable statute of limitations, provides that the period begins to run upon the report to a California law enforcement agency "by a person of any age alleging that he or she, while under the age of 18 years, was the victim of [one of the enumerated sex crimes] . . . ." Any report in 2001 was not made "by a person . . . alleging that he or she . . . was the victim" of the charged crimes. The prosecutor argued that defendant was not deprived of any due process rights as to the preliminary hearing as he had a dismissal motion on the

7

same ground (statute of limitations) heard and denied the same day as the preliminary hearing.

At the hearing on the probable cause motion to dismiss, the court expressed concern about the "duress" element with respect to the rape charges. Although the victim was defendant's daughter and defendant had begun the molestations at an early age, the victim for several years had not lived with defendant and defendant had not made any threats toward her or used physical force to secure her compliance. Rather, the victim felt compelled by her relationship with defendant, and she feared that he would become upset if she refused. The molestations continued until the victim was 17 or 18 years old, much older than the victims in other cases that had found coercion implied in the parent-child relationship.

The court denied the motion to dismiss the information insofar as the statute of limitations was involved. However, it found insufficient proof of duress to sustain the rape charges. The court accordingly denied the motion as to counts 1 through 12, the lewd and lascivious act counts, but granted the motion as to counts 13 through 59, the rape charges.

After this ruling, defendant filed another motion to dismiss the remaining 12 counts, again alleging that the statute of limitations had run. This time, defendant's motion focused on the requirement in the statute that there be corroborating evidence of substantial sexual conduct, and argued that there was insufficient independent evidence to corroborate the victim's allegations.

The People opposed the motion, noting that the victim had, by arrangement with the police, made a pretextual telephone call to defendant, which was recorded. In the course of that telephone call, defendant made certain admissions that independently supported the victim's allegations. Defendant had made remarks during his police interview that also supported the allegations. The court denied the motion.

By this time, in August 2010, the matter was scheduled for trial on counts 1 through 12. Both parties announced ready for trial. However, this court issued a stay of the trial proceedings pending the People's appeal of the dismissal of the rape charges. The People had also filed a related writ proceeding, in which this court issued a peremptory writ in the first instance, granting the People's petition to reinstate the rape counts. (*People v. Superior Court* (*Monplaisir*) (Oct. 27, 2010, E051644) [nonpub. opn.].) Defendant had disciplined the victim in the past by beating her, and the victim had testified that she was concerned he might physically abuse her if he was strongly upset by her refusal to cooperate. Accordingly, the evidence showed that the victim acted or failed to act because of her subjective fear. This was sufficient to meet the probable cause standard to hold defendant to answer for the rape charges. (*Ibid.*) The People abandoned the appeal because of the relief granted on the writ. Defendant sought further review of this court's order in the writ proceedings; this court denied rehearing and the California Supreme Court denied review. The case was remitted to the trial court once again on February 28, 2011.

The trial court set the matter for a trial readiness conference on all the charges. Defendant filed a new motion to dismiss the charges, this time on the ground of violation of his statutory right to a speedy trial. The trial court denied this motion.

On July 7, 2011, both parties again announced ready for trial. On the eve of trial, the People filed a first amended information (1) reinstating counts 13 through 48, and (2) amending the allegations to charge unlawful sexual intercourse with a minor more than three years younger than the perpetrator or unlawful nonforcible sexual intercourse with a person under age 16 (Pen. Code, § 261.5, subds. (c) & (d), respectively), rather than rape by duress (Pen. Code, § 261, subd. (a)(2)). Twelve counts of rape previously charged (between August 1990 and July 1991) were not renewed in the first amended information. The amended charges covered conduct alleged between August 1991 and July 1994.

On the last day to begin trial, July 13, 2011, defendant requested a continuance to the next day, as negotiations were ongoing to resolve the matter. The following day, July 14, 2011, defendant agreed to change his plea. Defendant accepted the court's offer to plead no contest to all charges in exchange for a 20-year prison term, plus credits under Penal Code section 4019 (maximum exposure was 38 years eight months). In addition, defendant would be granted a certificate of probable cause to appeal on the statute of limitations issue, as well as alleged violation of his statutory speedy trial rights as to counts 1 through 12. The People objected to the plea.

The trial court accepted defendant's change of plea, and sentenced him to the agreed-upon term of 20 years. The court also duly signed the certificate of probable cause.

At sentencing, the trial court denied probation, imposed a total prison commitment term of 20 years, and ordered defendant to pay $10,000 as a restitution fine, with a concomitant $10,000 parole revocation fine.

Defendant filed a timely notice of appeal.

ANALYSIS

I. Defendant Is Entitled to Withdraw His Plea Because It Was Induced in Part by a Promise to Issue a Certificate of Probable Cause to Review the Denial of His Speedy Trial Motion, a Nonappealable Order

Defendant agreed to plead no contest based in part on the inducement that the court would grant a certificate of probable cause to review the denial of his motion to dismiss counts 1 through 12 for alleged violation of his statutory right to a speedy trial. As defendant now recognizes, the denial of a statutory speedy trial motion is not reviewable on appeal. In *Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, the court held that the admission of the allegations of a juvenile petition—analogous to a guilty plea—constitutes an admission of all the facts essential to establish guilt. " 'The essence of a defendant's speedy trial or due process claim in the usual case is that the passage of time has frustrated his ability to establish his innocence. The resolution of a speedy trial or due process issue necessitates a careful assessment of the particular facts of a case in order that the question of prejudice may be determined. [¶] Where the

11

defendant pleads guilty, there are no facts to be assessed. And since a plea of guilty admits every element of the offense charged, there is no innocence to be established.' [Citation.] Thus, 'the cases are virtually uniform in holding that a claim of speedy trial violation—whether statutory or constitutional—does not survive a guilty plea.' [Citations.]" (*Id*. at p. 792.)

Defendant contends that, because his plea was induced by the unenforceable promise that the speedy trial issue had been preserved for appeal, he must be entitled to the opportunity to withdraw his appeal. The People concede that the speedy trial issue is not cognizable on appeal, and that defendant, who relied on the promise that the issue was preserved, should be afforded the opportunity to withdraw his no contest plea. We agree that the lower court's issuance of a certificate of probable cause cannot render a claim reviewable that is not cognizable on appeal. (See *People v. Sanders* (2012) 203 Cal.App.4th 839, 847-848.)

We order the matter remanded to permit defendant the opportunity to withdraw his plea. (See *Ricki J. v. Superior Court*, *supra*, 128 Cal.App.4th 783, 792.)

### II. The Statute of Limitations Had Not Expired

Defendant again raises the issue that the statute of limitations had run as to all the charged offenses, based on the notion that defendant's remarks to an officer in 2001 initiated the running of the limitation period.

The People suggest that we need not address the issue, as it may not be ripe for decision. We have agreed with defendant, and the People concede, that the judgment must be reversed and the matter remanded to allow defendant the opportunity to

12

withdraw his plea. If defendant elects to withdraw the plea, the matter will be returned to trial, i.e., prejudgment status. At the trial level, defendant has moved numerous times to dismiss on the basis that the statute of limitations has run, and each time that motion has been denied. He may seek appellate review of that ruling after a judgment, but the appellate court generally does not issue advisory opinions in cases in which no judgment has been entered. (See *Salazar v. Eastin* (1995) 9 Cal.4th 836, 860.) Because defendant has been granted the primary relief he seeks—the opportunity to return the case to prejudgment status—appellate (i.e., postjudgment) review of pretrial rulings made by the trial court is arguably inappropriate at this point. As the People also point out, if defendant withdraws his plea, it is unknown what specific charges the prosecution will elect to proceed upon, and therefore it is unknown what tolling provisions may apply. (See, e.g., Pen. Code, § 803, subds. (d), (f).)

However, it is also not certain that defendant will in fact elect to withdraw his no contest plea to these charges. The sentence he received, 20 years, amounts to an average of less than one year per count, and is significantly less than the potential maximum exposure he faces should he elect to withdraw his plea and stand trial. Should defendant ultimately decide not to withdraw his plea, the statute of limitations issue would remain unreviewed; moreover, if defendant's contention is meritorious, and the statute of limitations on the currently charged offenses has expired, it would be unjust to require him to go through the expense and difficulties of a trial on the merits in order to obtain appellate review. For that reason, we deem it expedient to address the issue on the merits. Further, the issue is one of pure statutory construction; it presents an issue of law,

13

which we review independently. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

Defendant points out that, when he contacted police in 2001 about the victim running away with defendant's car, he informed an officer that the victim had telephoned him and, because she was angry with defendant, she was accusing defendant of having molested her. At the same time, defendant firmly denied to the officer that he had engaged in any inappropriate behavior. Defendant contends that his 2001 self-serving report and denial of the alleged accusations of molestation, were sufficient to begin the running of the extended statute of limitations under Penal Code section 803. That is, a law enforcement agency had received information sufficient to alert the authorities to the victim's molestation claims. Under Penal Code section 803, subdivision (f)(3), the complaint was not brought within one year of the report to law enforcement because it was not filed until 2009. Therefore, the statute of limitations on the charged offenses had expired long before the instant proceedings began.

We disagree. We begin, as in any case of statutory construction, with the language of the statute itself. "Generally, a reviewing court's 'fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. [Citation.]' [Citation.] The analysis starts with an examination of the actual words of the statute, giving them their usual, ordinary meaning. [Citation.]" (*Leavitt v. County of Madera* (2004) 123 Cal.App.4th 1502, 1513-1514.)

Penal Code section 803, subdivision (f), provides in relevant part: "(1) Notwithstanding any other limitation of time described in this chapter, a criminal

complaint may be filed within one year of the date of a report to a California law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a [specified sex-related] crime [against a minor]. . . .

"(2) This subdivision applies only if all of the following occur:

"(A) The limitation period specified in Section 800, 801, or 801.1, whichever is later, has expired.

"(B) The crime involved substantial sexual conduct, . . . .

"(C) There is independent evidence that corroborates the victim's allegation. If the victim was 21 years of age or older at the time of the report, the independent evidence shall clearly and convincingly corroborate the victim's allegation.

"(3) No evidence may be used to corroborate the victim's allegation that otherwise would be inadmissible during trial. Independent evidence does not include the opinions of mental health professionals."

The salient point is the language that the complaint must be filed within one year after, "the date of a report to a California law enforcement agency *by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a* [*specified sex-related*] *crime* . . . ." (Pen. Code, § 803, subd. (f)(1), italics added.) The plain words of the statute state that the extended statute of limitations begins to run when the matter is reported to a law enforcement agency *by the victim* of a qualifying sex crime. Here, the victim never made a report to law enforcement until 2009. The information defendant relayed to a law enforcement officer in 2001: (1) was not a report made by the victim; (2) occurred tangentially in the context of an investigation into an entirely different

15

matter; and (3) was minimized, and indeed wholly denied, by defendant, the reporting party, in such a manner as to explain away and discourage any active investigation into the alleged accusation. *Ream v. Superior Court* (1996) 48 Cal.App.4th 1812 held that the "clear and unambiguous" language of the provision requires a report by the victim. Indeed, "The statute makes no reference to a report by a person who is not a victim." (*Id.* at p. 1818.)

Defendant contends that this case is distinguishable from *Ream*. He urges that the information he provided in 2001 was substantively sufficient to trigger the statute of limitations, and he argues that the policies underlying the statute, as explained in *Ream*, were satisfied in this case, so that the lack of a report by the victim herself in 2001 should be excused. In *Ream*, the defendant was charged with sex offenses against the victim, who was age six or seven at the time of the alleged offenses, and about age 13 at the time the charges were brought. The defendant's ex-wife had turned over to law enforcement some photographs of the defendant engaging in the acts, apparently while the victim was asleep, or perhaps drugged. (*Ream v. Superior Court*, *supra*, 48 Cal.App.4th at pp. 1815-1816.) The photographs depicted acts that had taken place more than six years before the prosecution began, so that there was no corroboration for any acts that took place within the ordinary statute of limitations period. As to the extended statute of limitations under Penal Code section 803 (Pen. Code, § 803, former subd. (g), now subd. (f)), the victim herself had not made any report, and in fact denied that the defendant had molested her. (*Id.* at p. 1816.) The defendant had moved to dismiss the case as beyond the statute of limitations. The People opposed the motion, arguing that the victim appeared to be

16

unaware of the molestations, and it would be absurd to require the law enforcement officers to inform her of the crimes committed against her so she could make a report herself, when ample undisputed evidence had been provided by the report of another person (the ex-wife). (*Id.* at pp. 1818-1819.) The Court of Appeal rejected the People's argument, i.e., that there should be an implied exception to the victim-reporting requirement for victims who are unaware of the crimes.

The court stated, "We do not agree that application of section 803(g) according to its plain language achieves an absurd result. So applied, section 803(g) does not require the People to inform the victim of the crimes committed against her; it simply requires a report to law enforcement by the victim to remove the bar of the statute of limitations absent which, in this case, prosecution remains time-barred. [Fn. omitted.]

"Nor is it absurd to extend the statute of limitations for aware but not for unaware victims. The Legislature may well have recognized that youthful victims of sexual abuse may be dissuaded from reporting abuse at the time of its occurrence by shame, fear of the consequences, intimidation by the abuser, or psychological trauma. [Fn. omitted.] The Legislature may reasonably have intended to enlarge the statute of limitations to accommodate only such cases. . . . If it were the intent to enlarge the statute of limitations in cases where an unconscious minor was the victim of a sex offense in order to allow prosecution even while the victim remains unaware of her victimization, the Legislature presumably would have expressly said so.

"The remaining and related issue is whether the Legislature actually intended for the report of a sexual offense by a person other than the victim to trigger the extended

17

statute of limitations of section 803(g), despite the plain language of the statute requiring a report by the victim. Again, because the People are not required to inform the victim of the crimes committed against her, the plain language of section 803(g) does not conflict with the legislative intent of subdivision (d) of Penal Code section 288 to protect child victims from psychological harm.

" . . . [T]he Legislature was concerned with the problem of child victims of sex crimes who wait until they are adults to report sex offenses committed against them. . . . [¶] . . . [¶]

"Nothing in the legislative history suggests the Legislature intended, despite the use of language inconsistent therewith, to extend the statute of limitations upon the report of a non-victim or to extend the statute of limitations in cases of unconscious victims of sex offenses who, unaware of their victimization, are unable so to report. If the Legislature had intended those results, it would have expressly said so. [Fn. omitted.]" (*Ream v. Superior Court*, *supra*, 48 Cal.App.4th at pp. 1820-1821.)

Defendant here contends that the purpose of the statute is to "ensure that the perpetrator does not escape notice of law enforcement due to the child's inability to report." He argues that *Ream* is not directly on point. *Ream* holds that the statute of limitations "is <u>not</u> tolled, even where photographic evidence shows that the child has been abused, where the victim is presently still a minor, where the child is unaware of the abuse, and where the reporter is a third party." (Citing *Ream v. Superior Court*, *supra*, 48 Cal.App.4th at p. 1821.) Defendant argues that the "rationale is that there is no psychological harm where the child is unaware of the abuse. If at some point after she

18

becomes an adult, she is made aware of the abuse, she can still report it to law enforcement, provided there is corroboration and the complaint is filed within one year of the report. [¶] The legislative intent for extending and tolling the statute of limitation under this provision is (1) to protect the rights of children who cannot communicate for themselves, who are afraid to do so, and have no one to confide in, and (2) to ensure that the prosecution has the ability to prosecute the case within [one] year of law enforcement's being put on notice of such allegations." Defendant argues that the policies underlying the statute were satisfied here, because (a) law enforcement had been put on notice of the allegations in 2001, (b) the victim here had not been threatened to keep her from reporting the molestations to law enforcement, (c) she was not a person who was unable to communicate the matter or who had no one to confide in, which was demonstrated when she confronted defendant in front of her brother at one point, and when she complained to other adults both before and after she reached adulthood. Defendant argues that, "the legislative intent of protecting children who do not know they were abused, who cannot communicate for themselves, or who are afraid to do so or have no one to confide in was <u>not at issue in this case</u>. [The victim] did not fall within the class of persons the exception to the statute of limitations was meant to protect." Defendant argues that he is therefore "entitled to repose."

Defendant's argument is without merit. The victim here falls precisely within the class the statute was meant to protect. It was intended to protect victims of childhood abuse who were (or who become) aware of that abuse. The triggering event, under the plain language of the statute, is a report by the victim to law enforcement. Here, that

19

report took place in 2009, and the complaint was filed within one year of the report. The statute contains no required elements that there have been no other report to law enforcement before the victim makes a report, it does not require proof that the victim was personally threatened or pressured not to make any earlier report, it does not require the victim to demonstrate that the victim was never able to communicate with others about the abuse before reporting it to law enforcement officers, it does not require a preliminary minitrial on the victim's knowledge or lack thereof, or his or her actions and inactions with respect to the allegations before making a report to law enforcement officers.

To accept defendant's construction would be to disqualify not only unaware victims from the tolling provisions of the extended statute of limitations, but also many victims who are aware of the molestations (the *protected* class defined in *Ream*), but who cannot jump additional hurdles to prove the "legitimacy" of their behavior in making the complaint. The statute does not require a victim to overcome any such hurdles. It only requires a report by the victim to law enforcement.

Here, the victim did make a report to law enforcement in 2009, and the instant prosecution was timely filed after that report. Defendant's argument that the statute of limitations as to the instant charges had expired is without merit.

### III.  The Restitution Fine Issue Is Moot

Defendant also has raised the issue that the trial court erred in imposing a restitution fine of $10,000, as well as a corresponding parole revocation fine in the same

amount.  Defendant argues that he did not agree to these fines in the plea agreement, and that the court should have imposed the minimum fines of $200 in each instance.

If defendant elects to withdraw his no contest plea, the issue is moot.  The issue of restitution fines and parole revocation fines may be revisited upon the imposition of a new judgment.  Defendant may, however, ultimately decide not to withdraw his plea.  Defendant argues that the imposition of a $10,000 restitution fine, the maximum allowed, was a matter not contemplated by, and a significant deviation from, the plea to the court.  Defendant was never advised, pursuant to Penal Code section 1192.5, of the imposition of a $10,000 maximum restitution fine (and parole revocation fine) as a consequence of his plea.  Defendant urges that, should he elect not to withdraw his plea, the proper remedy is to reduce the restitution fine and the parole revocation fine to the applicable statutory minimum of $200.  (*People v. Walker* (1991) 54 Cal.3d 1013, 1027, 1029.)  Defendant's reliance on *Walker* is misplaced.  The California Supreme Court in *People v. Villalobos* (2012) 54 Cal.4th 177 (*Villalobos*), overruled *Walker* to the extent that mere silence in the record about the imposition of a statutorily mandated punishment was treated as a basis for a defendant's belief that the plea agreement excluded imposition of the punishment.  The California Supreme Court held that when a restitution fine is not mentioned in the plea agreement, or otherwise discussed during the plea proceedings, the amount of the fine is set at the court's discretion, according to statute.  In other words, the plea agreement is not violated by the imposition of a statutorily mandated term that was omitted from the agreement.  (*Id*. at pp. 183-184.)  This is so, even if the omitted term consists of a substantial restitution fine.

21

DISPOSITION

Defendant pleaded no contest to all charges, based in part on the promise to issue a certificate of probable cause to preserve the speedy trial issue for review. After a plea of guilty or no contest, a claim of violation of speedy trial rights does not survive. Because defendant was induced to plead no contest on the promise to preserve a nonreviewable claim for appeal, the judgment is reversed, and the matter remanded to afford defendant the opportunity to withdraw his no contest plea.

In order to aid defendant in deciding whether or not to withdraw his plea, we have reviewed and determined his oft-raised claim that the statute of limitations has expired with respect to the instant charges. We have now resolved that issue adversely to defendant; the statute of limitations has not expired and the charges are properly brought within the extended tolling provisions of Penal Code section 803, subdivision (f).

If defendant elects to withdraw his plea, then his claim that the restitution fine and parole revocation fine were greater than agreed is moot. The court shall consider the issue anew if and when a new judgment of conviction arises. The trial court should, in that case, follow the procedures recommended by the California Supreme Court in *Villalobos*, including properly advising defendant of the fines as consequences of any plea or judgment, and including consideration of the fines in plea negotiations. (*Villalobos*, *supra*, 54 Cal.4th at p. 186.) If defendant ultimately elects not to withdraw his plea, however, the absence of discussion of the restitution fine and parole revocation fine in the plea agreement is not, in itself, a basis for belief that imposition of a statutorily mandated punishment was excluded from the plea agreement. Unless defendant has

22

other evidence to support a claim that the imposition of the restitution and parole revocation fines were intended to be excluded from the plea agreement, the mere absence of advisement and discussion during the plea negotiations does not provide a basis upon which to challenge the fines imposed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
J.


We concur:


HOLLENHORST
Acting P. J.


RICHLI
J.

23