[No. B170326. Second Dist., Div. Five. May 11, 2004.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSE VASQUEZ et al., Defendants and Respondents.

**COUNSEL**

Steve Cooley, District Attorney, Patrick D. Moran and Matthew G. Monforton, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Janice Y. Fukai, Alternate Public Defender, Albert J. Menaster, Eleanor Schneir and Mark Harvis, Deputy Public Defenders, Victor Escobedo and Michael Goodman, Deputy Alternate Public Defenders, for Defendants and Respondents.

## OPINION

## ARMSTRONG, J.—

### Introduction

On December 31, 2002, the People filed an information charging respondents Jose Vasquez and Rosie Canas with multiple counts of sexual offenses all of which have a six-year statute of limitations period set by Penal Code section 800.[1] The crimes were alleged to have to have taken place in 1992, 1993 and 1994. The People filed the information pursuant to section 803, subdivision (g) which permits such a filing after the limitations period in section 800 or 801 has expired as long as the filing occurs within one year from the date the victim first reports the crimes to a law enforcement agency. The victim first reported the crime in August 2002.[2]

The trial court determined that the information was time-barred by the six-year statute of limitations in section 800, and that section 803, subdivision (g) was invalid when applied to extend the statute of limitations for sexual offenses. The trial court concluded that section 803, subdivision (g) was a revival statute condemned by the U.S. Supreme Court in *Stogner v. California* (2003) 539 U.S. 607 [156 L.Ed.2d 544, 123 S.Ct. 2446].

■ We disagree with the trial court. Section 803, subdivision (g) is not a revival statute. As applied to offenses whose statutes of limitation had not expired when subdivision (g) was enacted or crimes committed after that date, that subdivision is but a new statute of limitations applicable where the section 803, subdivision (g) statutory period has expired. When sections 800 and 803, subdivision (g) are properly interpreted, the statute of limitations for these sexual crimes is six years or one year after the crime is reported, whichever is greater.

### Discussion

Section 803, subdivision (g) provides in pertinent part: "(1) Notwithstanding any other limitation of time described in this chapter, a criminal complaint may be filed within one year of the date of a report to a California law

---

[1] All further statutory references are to this code unless otherwise indicated.

[2] Vasquez was charged with one count of rape by use of drugs in violation of section 261, subdivision (a)(3), 11 counts of forcible rape in violation of section 261, subdivision (a)(2), and 12 counts of lewd acts on a child in violation of section 288, subdivision (c). Canas was charged with six counts of forcible rape in violation of section 261, subdivision (a)(2) and six counts of lewd acts with a child in violation of section 288, subdivision (c). These offenses were alleged to have occurred in 1992, 1993 and 1994.

enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a, 288.5, 289, or 289.5. [¶] (2) This subdivision applies only if both of the following occur: [¶] (A) The limitation period specified in Section 800 or 801 has expired. [¶] (B) The crime involved substantial sexual conduct . . . and there is independent evidence that clearly and convincingly corroborates the victim's allegation."

■ In 2003, the U.S. Supreme Court found that section 803, subdivision (g) violated ex post facto principles when applied to crimes that were already time-barred when section 803, subdivision (g) became effective on January 1, 1994. (*Stogner* v. *California, supra,* 539 U.S. 607, at p. 608 [123 S.Ct. at p. 2448].) As the Court explained, reviving "a limitations period after the State has assured 'a man that he has become safe from its pursuit . . . seems to most of us unfair and dishonest.' *Falter* v. *United States* (1928) 23 F.2d 420, 426 (C.A.2), cert. denied, 277 U.S. 590 [72 L.Ed. 1003, 48 S.Ct. 528]. In such a case, the government has refused 'to play by its own rules,' *Carmell* v. *Texas* (2000) 529 U.S. 513, 533 [146 L.Ed.2d 577, 120 S.Ct. 1620]. It has deprived the defendant of the 'fair warning,' *Weaver* v. *Graham* (1981) 450 U.S. 24, 28 [67 L.Ed.2d 17, 101 S.Ct. 960], that might have led him to preserve exculpatory evidence. [Citation.]" (Id. at p. 609 [123 S.Ct. at pp. 2449–2450].)

The Supreme Court made it clear, however, that the ex post facto clause "does not prevent the State from extending time limits for the prosecution of future offenses, *or for prosecutions not yet time barred.*" (*Stogner* v. *California, supra,* 539 U.S. 607 at p. 633 [123 S.Ct. at p. 2461], italics added.)

The trial court agreed with respondents, claiming that *Stogner* barred their prosecution under section 803, subdivision (g). The trial court explained: "But the way I interpret *Stogner*'s ruling is that it condemns the revival of any time-barred prosecutions being violative of Constitutional ex post facto principles. [¶] Indeed the way I read 803(g) is that it requires the statute of limitations to have expired before the new statute of limitations kicks in, and in essence that's a revival statute as I read it."

Since the decision in *Stogner*, the First and Fifth District Courts of Appeal and Division Four of this District Court of Appeal have found that section 803, subdivision (g) is an extension statute when applied to crimes which were not time-barred on January 1, 1994, and thus permissible under *Stogner*. (*People* v. *Superior Court (German)* (2004) 116 Cal.App.4th 1192 [10 Cal.Rptr.3d 893] [2d Dist., Div. 4]; *People* v. *Renderos* (2003) 114 Cal.App.4th 961 [8 Cal.Rptr.3d 163]; *People* v. *Robertson* (2003) 113 Cal.App.4th 389 [6 Cal.Rptr.3d 363].)

Respondents argue that the above cases are wrongly decided. They point out that subdivision (g) by its own terms always requires that the statute of limitations be expired before subdivision (g) applies, and thus it must always be a revival of the statute of limitations. We do not agree with respondent's conclusion.

Our Supreme Court in *People* v. *Frazer* (1999) 21 Cal.4th 737, 752 [88 Cal.Rptr.2d 312, 982 P.2d 180] (overruled on other grounds by *Stogner*) recognized that "[A] felony prosecution commenced within one year of a qualifying report is timely under the literal terms of section 803(g)(2)(A) even, indeed only, if the limitations period otherwise applicable under section 800 or 801 'has expired.' " The Court explained that the reference to expiration "obviously ensures that the one-year period in section 803(g)(1) does not override or otherwise conflict with sections 800 and 801 where the victim reports the crime to a qualifying law enforcement agency before the three-year or six-year period set forth in the latter provisions 'has expired.' In this way, the limitations period in section 803(g)—like other 'tolling' and 'extension' provisions in the same statute—serves to prolong, rather than shorten, the time in which a felony child molestation prosecution may be commenced." (*Ibid.*)

■ The length of the statute of limitations for a particular crime is a matter for a state's legislature to decide. (*People* v. *Frazer, supra,* 21 Cal.4th at p. 770.) In California, the Legislature has decided that some crimes, such as murder and the embezzlement of public funds, will have no statute of limitations. Those crimes may be prosecuted "at any time." (§ 799.) The Legislature has decided that most felonies, including child sexual abuse offenses, should generally be governed by the limitations period set forth in sections 800 or 801, which provide for six- or three-year limitation periods, respectively. The Legislature could, if it wished, remove the statute of limitations entirely for child sexual abuse offenses, or for any other offense, provided only that this removal applied to future offenses or to offenses which were not time-barred when the removal was enacted. The Legislature did not chose to do so in the case of child sexual abuse offenses. Instead, the Legislature chose to provide a one-year reporting period to the statute of limitations for child sexual abuse offenses.

■ The effect of subdivision (g) is to permit prosecution of sexual offenses with a juvenile victim within six years of the offense[3] or one year of the victim's report of the offense, whichever is later. This interpretation gives meaning to section 803, subdivision (g) similar to subdivision (i) of section 803, which permits prosecution of a specified offense for 10 years from the commission of the crime or one year from DNA matching, whichever is later.

---

[3] Three years if the offense is governed by section 801.

This interpretation of subdivision (g) also is very similar in purpose to subdivision (c) of section 803, which permits expanded prosecution of a person whose manner of wrongdoing, such as concealed theft or taking advantage of a position of trust, makes it less likely that his crime will be reported to law enforcement officials within a reasonable time after it occurs.

The above construction of the statute is a reasonable interpretation of the language used in subdivision (g), and fully accords with the legislative intent as ascertained from the balance of section 803 and renders the statute constitutional when applied to actions pending when adopted or to crimes committed thereafter. " 'If a statute is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional in whole or in part, or raise serious and doubtful constitutional questions, the court will adopt the construction which, without doing violence to the reasonable meaning of the language used, will render it valid in its entirety, or free from doubt as to its constitutionality, even though the other construction is equally reasonable. [Citations.]' " (*Conservatorship of Wendland* (2001) 26 Cal.4th 519, 548 [110 Cal.Rptr.2d 412, 28 P.3d 151].)

## Disposition

The trial court's order granting respondents' demurrers and dismissing this action is reversed. This matter is remanded for further proceedings consistent with this opinion.

Turner, P. J., and Grignon, J., concurred.

Respondents' petition for review by the Supreme Court was denied July 21, 2004.