[No. F047102. Fifth Dist. Sept. 22, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ALEXANDER RISKIN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part 4.

COUNSEL

Cara DeVito, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Stan Cross and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GOMES, J.**—A jury found Michael Alexander Riskin guilty in count I of aggravated sexual assault on his daughter, a child under 14 years of age and 10 or more years younger than he (§ 269, subd. (a)),[1] in count III of a forcible lewd act on his daughter, a child under 14 years of age (§ 288, subd. (b)(1)), and in count IV of a lewd act on his son, a child under 14 years of age (§ 288, subd. (a)).[2] The jury found true the count III allegation of tying or binding his daughter in the commission of the crime (§ 667.61 ("One Strike Law"), subds. (b), (c)(4), (e)(6)) and each count's allegation of extension of the statute of limitations (former § 803, subd. (g)) (former § 803(g)).[3] The court imposed an aggregate term of 30 years to life (consecutive terms of 15 years to life on counts I and III plus a concurrent term of 6 years on count IV to change to a consecutive term of 6 years on count IV if either the count I term or the count III term were stricken).

First, Riskin argues that instructing the jury on preponderance of the evidence and clear and convincing evidence as the burdens of proof of extension of the statute of limitations and independent corroboration of the children's accusations, respectively, denied him his constitutional due process and jury guarantees of proof beyond a reasonable doubt. Second, he argues that his impeachment with his statements from a pretext call with his daughter violated his constitutional rights to silence and counsel since she deliberately acted as a police agent to secure incriminating statements from

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] The court dismissed count II, which charged continuous sexual abuse of a child, on the request of the prosecutor and count V, which charged the use of a child to pose or model for sexual conduct, on Riskin's demurrer. (§§ 288.5, 311.4, subd. (c).)

[3] At the time of trial, former section 803(g) set out a special statute of limitations for sex crimes against children. A spate of statutory amendments ensued. (Stats. 2004, ch. 368, § 2; Stats. 2004, 4th Ex. Sess., ch. 2, § 7, eff. Mar. 1, 2005; Stats. 2005, ch. 2, §§ 1–3, eff. Feb. 28, 2005; Stats. 2005, ch. 479, § 3.)

him. Third, he argues that imposition of a One Strike Law term of 15 years to life on the count III forcible lewd act violated his constitutional right against ex post facto laws since there was no proof beyond a reasonable doubt of his commission of the crime before the effective date of the One Strike Law. Fourth, he argues that a remand for resentencing on the count III forcible lewd act is imperative since concurrent sentencing with the term on the count I aggravated sexual assault was permissible but the court mistakenly believed consecutive sentencing was mandatory.

We will reject Riskin's burdens of proof and impeachment arguments alike. We will, however, agree with him that his count III term constitutes an ex post facto violation that requires a remand for resentencing. Since that remedy will strike the count III term from the judgment, we will remand for resentencing on count IV, too, in accordance with the conditions of the original sentencing. We will not address his concurrent sentencing argument since, in the absence of a count III term, that issue is not ripe for adjudication.

## DISCUSSION

### 1. *Burdens of Proof*

Riskin argues that instructing the jury on preponderance of the evidence and clear and convincing evidence as the burdens of proof of extension of the statute of limitations and independent corroboration of the children's accusations, respectively, denied him his constitutional due process and jury guarantees of proof beyond a reasonable doubt. The Attorney General argues the contrary.

■ At the time of Riskin's trial, former section 803(g) permitted prosecution of specified sex crimes against a child after expiration of the normal statutes of limitations in sections 800 and 801 if (1) the child reported to law enforcement (2) a crime involving substantial sexual conduct (3) that independent evidence clearly and convincingly corroborated (4) if prosecution began within one year of the child's report. (*People v. Linder* (2006) 139 Cal.App.4th 75, 81 [42 Cal.Rptr.3d 496] (*Linder*), citing *People v. Vasquez* (2004) 118 Cal.App.4th 501, 505 [13 Cal.Rptr.3d 162]; cf. §§ 800 [six-year statute of limitations for crimes punishable by no less than eight years in prison], 801 [three-year statute of limitations for crimes punishable by 16 months, two years, or three years in prison].) The court instructed the jury with former section 803(g) as follows:

"Counts I, III, and IV were filed pursuant to Penal Code section 803(g) which extends the statute of limitations under specified circumstances. The

People have the burden of proving factual allegations in order for Penal Code section 803, subdivision (g) to apply.

"If you find the defendant guilty beyond a reasonable doubt of any of the counts filed pursuant to Penal Code section 803(g), counts I, III, and IV, you must further determine, as to each count in which you find guilt, whether the People have proved the following allegations by a *preponderance of the evidence*. *Preponderance of the evidence* is that evidence which has more convincing force than that opposed to it. If the evidence is so evenly balanced that you are unable to find that the evidence on either side of an issue preponderates, your finding on that issue must be against the party who had the burden of proving it:

"1. The victims made a report to Law Enforcement while under the age of 18;

"2. A complaint accusing the defendant of the crimes was filed less than one year after all the crimes were reported; and

"3. The crimes involved substantial sexual conduct.

" 'Substantial sexual conduct' is defined to include penetration of the vagina for [*sic*] either the victim or the defendant by the penis or by any foreign object, including fingers, oral copulation or masturbation of one on the other. Such mutual masturbation is any touching or contact, however slight, of the genitals of either the victim or the offender, with the requisite intent.

"4. The normally applicable six year statute of limitations for the crimes alleged in counts I, III, and IV, aggravated sexual assault and lewd acts with a child, pertaining to victims [daughter] and [son], expired before the complaint in this case was filed.

"5. There is independent evidence that *clearly and convincingly* corroborates the victims' allegations.[4]

---

[4] With reference to corroboration of the children's allegations, the court later instructed: "To corroborate the testimony of an alleging victim as to each count there must be evidence of some act or fact related to the crime which, if believed, by itself and without any aid, interpretation or direction from the testimony of the alleging victim, tends to connect the defendant with the commission of the crime charged. [¶] However, it is not necessary that the evidence of corroboration be sufficient in itself to establish every element of the crime charged, or that it corroborate every fact to which the alleging victim testifies. [¶] In determining whether an alleging victim has been corroborated, you must first assume the testimony of the alleging victim has been removed from the case. You must then determine whether there is any remaining evidence which tends to connect the defendant with the commission of the crime.

"*Clear and convincing evidence* of the corroboration means evidence of such convincing force that it demonstrates, in contrast to the opposing evidence, a high probability of the truth of the facts for which it is offered as proof. Such evidence requires a higher standard of proof than proof by a *preponderance of the evidence.*

"The People have the burden of proving the truth of the Penal Code Section 803(g) allegations by a *preponderance of the evidence.*

"You should consider all of the evidence bearing upon every issue, regardless of who produced it.

"If you find the People have not proved the truth of the Penal Code section 803(g) allegations by a *preponderance of the evidence,* you must find the allegations not true.

"There is a special finding on the section 803(g) allegations included on the verdict forms as to counts I, III, and IV." (Italics added.)

■ The United States Constitution indisputably "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." (*In re Winship* (1970) 397 U.S. 358, 364 [25 L.Ed.2d 368, 90 S.Ct. 1068] (*Winship*).) Extrapolating from *Winship,* Riskin argues that a line of later United States Supreme Court cases requires proof beyond a reasonable doubt of both extension of the statute of limitations and independent corroboration of the children's accusations. (See *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*); *Ring v. Arizona* (2002) 536 U.S. 584 [153 L.Ed.2d 556, 122 S.Ct. 2428] (*Ring*); *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] (*Blakely*); *United States v. Booker* (2005) 543 U.S. 220 [160 L.Ed.2d 621, 125 S.Ct. 738] (*Booker*).) We read those cases differently.

First, none of the facts relevant to extension of the statute of limitations or independent corroboration of the children's accusations is a "fact necessary to constitute the crime with which [Riskin was] charged." (*Winship, supra,* 397 U.S. at p. 364; see *People v. Frazer* (1999) 21 Cal.4th 737, 760–761, fn. 22 [88 Cal.Rptr.2d 312, 982 P.2d 180], overruled on another ground by *Stogner v. California* (2003) 539 U.S. 607, 609–633 [156 L.Ed.2d 544, 123 S.Ct. 2446].) "Although the right to maintain the action is an essential

[¶] If there is no independent evidence which tends to connect defendant with the commission of the crime, the testimony of the alleging victim is not corroborated. [¶] If there is independent evidence which you believe, then the testimony of the alleging victim is corroborated." (CALJIC No. 3.12 (modified).)

part of the final power to pronounce judgment, that right 'constitutes no part of the crime itself.' [Citation.]" (*Linder, supra,* 139 Cal.App.4th at p. 84; see *United States v. Cook* (1872) 84 U.S. 168, 179–182 [21 L.Ed. 538]; *United States v. Titterington* (6th Cir. 2004) 374 F.3d 453, 456–460.)

Second, the later cases on which Riskin relies require proof beyond a reasonable doubt to a jury of "any fact [other than the fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum." (*Apprendi, supra,* 530 U.S. at p. 490; see *Ring, supra,* 536 U.S. at p. 588; *Blakely, supra,* 542 U.S. at p. 301; *Booker, supra,* 543 U.S. at p. 231.) Those cases "involve factual determinations that establish the level of punishment for which the defendant is eligible" (*People v. Betts* (2005) 34 Cal.4th 1039, 1054 [23 Cal.Rptr.3d 138, 103 P.3d 883]) and "make it clear the federal constitution guarantees a criminal defendant the right to a jury determination, based on proof beyond a reasonable doubt, of every element of the crime and every fact, however labeled, that increases the defendant's punishment beyond the prescribed statutory maximum" (*Linder, supra,* 139 Cal.App.4th at p. 84). The facts at issue in extension of the statute of limitations and independent corroboration of the children's accusations, however, are neither elements of the crime nor facts that establish punishment.

Third, although the prosecution has the burden of proof of " 'every ingredient of an offense beyond a reasonable doubt' " (*Sandstrom v. Montana* (1978) 442 U.S. 510, 524 [61 L.Ed.2d 39, 99 S.Ct. 2450]; see *Sullivan v. Louisiana* (1993) 508 U.S. 275, 278 [124 L.Ed.2d 182, 113 S.Ct. 2078]; *Apprendi, supra,* 530 U.S. at p. 490; see *Ring, supra,* 536 U.S. at p. 588; *Blakely, supra,* 542 U.S. at p. 301; *Booker, supra,* 543 U.S. at p. 231), the statute of limitations is not an ingredient of an offense but a substantive matter for which the prosecution's burden of proof is a preponderance of the evidence (*People v. Le* (2000) 82 Cal.App.4th 1352, 1360 [98 Cal.Rptr.2d 874], citing *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 374 [58 Cal.Rptr.2d 458, 926 P.2d 438]; *People v. Zamora* (1976) 18 Cal.3d 538, 566, fn. 27 [134 Cal.Rptr. 784, 557 P.2d 75] (*Zamora*)). "The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions." (*Toussie v. United States* (1970) 397 U.S. 112, 114 [25 L.Ed.2d 156, 90 S.Ct. 858], amended by statute on another ground as stated by, e.g., *United States v. Martinez* (10th Cir. 1989) 890 F.2d 1088, 1091–1092.)

Fourth, California case law and statutory law designate preponderance of the evidence as the standard of proof of statute of limitations issues (*Zamora, supra,* 18 Cal.3d at p. 565, fn. 27; *People v. Angel* (1999) 70 Cal.App.4th 1141, 1146–1147 [83 Cal.Rptr.2d 222]; see generally *People v. McGill* (1935)

10 Cal.App.2d 155, 159–160 [51 P.2d 433]; § 1102; Evid. Code, § 115) and clear and convincing evidence as the standard of proof of independent corroboration of the children's accusations (*People v. Ruiloba* (2005) 131 Cal.App.4th 674, 681–693 [31 Cal.Rptr.3d 838]; *People v. Zandrino* (2002) 100 Cal.App.4th 74, 84, fn. 6 [121 Cal.Rptr.2d 879]; former § 803(g)). Since Riskin fails to persuade us of any constitutional mandate to the contrary, we apply California case law and statutory law to reject his burdens of proof argument.

### 2. *Impeachment*

Riskin argues that his impeachment with his statements from a pretext call with his daughter violated his constitutional rights to silence and counsel since she deliberately acted as a police agent to secure incriminating statements from him. The Attorney General argues that neither constitutional right was violated. We will consider each of Riskin's arguments separately.

■ As to his right to silence, Riskin acknowledges that the United States Supreme Court created an exception in *Harris v. New York* (1971) 401 U.S. 222 [28 L.Ed.2d 1, 91 S.Ct. 643] (*Harris*) to the general rule of *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602] (*Miranda*) so as to allow solely for impeachment the statements of the accused that are otherwise inadmissible under *Miranda*. Nonetheless, he argues that language in *Missouri v. Seibert* (2004) 542 U.S. 600 [159 L.Ed.2d 643, 124 S.Ct. 2601] (*Seibert*) about police questioning that intentionally violates *Miranda* puts an end to *Harris*'s impeachment exception. We disagree.

In *Seibert*, a police officer "made a 'conscious decision' to withhold *Miranda* warnings, thus resorting to an interrogation technique he had been taught: question first, then give the warnings, and then repeat the question 'until I get the answer that she's already provided once.' " (*Seibert, supra,* 542 U.S. at pp. 605–606.) Even though the officer acknowledged that the accused's ultimate statement was " 'largely a repeat of information . . . obtained' prior to the warning," the trial court suppressed the *prewarning* statements but admitted the *postwarning* statements. (*Id.* at p. 606.) The high court condemned as violative of *Miranda* the "police protocol for custodial interrogation that calls for giving no warnings of the rights to silence and counsel until interrogation has produced a confession." (*Id.* at p. 604.)

Riskin emphasizes *Seibert*'s language, inter alia, that in the wake of *Harris*'s impeachment exception "some training programs advise officers to omit *Miranda* warnings altogether or to continue questioning after the suspect invokes his [or her] rights," that "deliberate questioning after invocation of *Miranda* rights" is a "growing trend," and that "the reason that question-first

is catching on is as obvious as its manifest purpose, which is to get a confession the suspect would not make if he understood his rights at the outset." (*Seibert, supra,* 542 U.S. at pp. 610–611, fn. 2, 613.) He argues that the United States Supreme Court "now finds inadmissible for any purpose, including impeachment, statements that were deliberately obtained unlawfully from suspects."

Riskin correctly notes that *Seibert* fails to specify whether the repeated statement constituted part of the prosecution's case in chief or impeachment evidence on rebuttal. Nonetheless, the majority opinion cites *Harris* only once in a footnote, Justices Kennedy and O'Connor cite *Harris* but once each in their concurring and dissenting opinions, respectively, and none of those three references criticizes the case. (*Seibert, supra,* 542 U.S. at pp. 610–611, fn. 2, 619, 623.) The notion that the high court so inscrutably overruled a landmark case in *Miranda*'s lineage is absurd.

In the alternative, Riskin suggests that even if *Seibert* "does not extend that far" the high court nonetheless is "poised" to reexamine *Harris*'s impeachment exception. With commendable candor, he acknowledges that he raises the issue to preserve his right of review in the California Supreme Court and the United States Supreme Court. Duly noted.

As to his right to counsel, Riskin correctly notes that *Massiah v. United States* (1964) 377 U.S. 201 [12 L.Ed.2d 246, 84 S.Ct. 1199] (*Massiah*) prohibits the admission of evidence that law enforcement secures in violation of the accused's constitutional right to counsel. Equally correctly, the Attorney General notes that Riskin's daughter made her pretext call on July 31, 2002, eight days *before* the district attorney's office filed a criminal complaint and arraigned him on August 8, 2002. A long line of United States Supreme Court constitutional case law firmly establishes that "the right to counsel attaches only at or after the initiation of adversary judicial proceedings against the defendant" (*United States v. Gouveia* (1984) 467 U.S. 180, 187 [81 L.Ed.2d 146, 104 S.Ct. 2292]) " 'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment' " (*Texas v. Cobb* (2001) 532 U.S. 162, 167–168 [149 L.Ed.2d 321, 121 S.Ct. 1335]). (See *People v. Slayton* (2001) 26 Cal.4th 1076, 1079 [112 Cal.Rptr.2d 561, 32 P.3d 1073], not followed on another ground as dictum by *People v. Viray* (2005) 134 Cal.App.4th 1186, 1207, fn. 12 [36 Cal.Rptr.3d 693].) Since Riskin's statements to his daughter *antedated* the attachment of his constitutional right to counsel, *Massiah* offers him no solace.

### 3. *One Strike Law Term*

Riskin argues that imposition of a One Strike Law term of 15 years to life on the count III forcible lewd act violated his constitutional right against ex

post facto laws since there was no proof beyond a reasonable doubt of his commission of the crime before the effective date of the One Strike Law. The Attorney General argues the contrary.

█ The United States Constitution and the California Constitution proscribe ex post facto laws. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.) Both Constitutions protect against the later adoption of a statute that inflicts greater punishment than the law in effect at the time of the commission of the crime. (*Collins v. Youngblood* (1990) 497 U.S. 37, 42–43 [111 L.Ed.2d 30, 110 S.Ct. 2715]; *People v. Grant* (1999) 20 Cal.4th 150, 158 [83 Cal.Rptr.2d 295, 973 P.2d 72].)

Count III of the information charged Riskin with a forcible lewd act on his daughter in the commission of which he engaged in tying or binding her "between the 15th day of June, 1994 and the 14th day of June, 1998." The prosecutor requested CALJIC No. 4.71.5 so as to require the jury to "agree to the same specific acts regarding Count III" since the prosecution charged "on or about and between a time frame of a period of four years" instead of a specific date, since his daughter "did not testify to specific acts on a specific date" but instead to "several acts" that occurred "during that time frame," and since the absence of that instruction could constitute reversible error.

Although the defense opposed the instruction, the prosecutor, to her credit, was insistent: "The problem is there's multiple incidents where the same things all happen, and because we never charged a specific time frame and the child did not testify to a specific time frame, this is the appropriate instruction." Agreeing that the instruction favored the defense, the court granted the prosecutor's request and so charged the jury:

"Going back to Count III, the defendant is accused in Count III of having committed a crime of lewd act with a child under 14, a violation of Section 288(b) of the Penal Code, on or about a period of time between June 1994 and June 1998.

"In order to find the defendant guilty, it is necessary for the prosecution to prove beyond a reasonable doubt the commission of the acts constituting that crime within the period alleged, and in order to find the defendant guilty, you must unanimously agree upon the commission of the same specific acts constituting the crime within the period alleged. It's not necessary that a particular act or act[s] committed so agreed upon be stated in the verdict." (CALJIC No. 4.71.5.)

After the jury found Riskin guilty of a forcible lewd act on his daughter "as charged in Count III of the Information" and found true the tying or

binding allegation, the court imposed a One Strike Law term of 15 years to life on the basis of that true finding. (§§ 288, subd. (b)(1), 667.61, subds. (b), (c)(4), (e)(6).)

■ The One Strike Law took effect on November 30, 1994, exactly five and one-half months *after* the beginning of the count III time frame. (Cal. Const., art. 4, § 8, cl. (c)(1); Stats. 1994, 1st. Ex. Sess., ch. 14, § 1, p. 8570; 5 Stats. 1994, Summary Dig., p. vi.) Before the effective date of the One Strike Law, the punishment for the crime in that count was three, six, or eight years. (§ 288, subd. (b)(1).)

The Attorney General notes inconsistencies in the testimony of Riskin's daughter about how old she was when he committed various acts—*one* of which acts, without specifying which, the jury found to be the count III forcible lewd act. Drawing inferences from her testimony that all of those acts occurred after the effective date of the One Strike Law, the Attorney General not only declines to draw equally plausible contrary inferences from her testimony but also ignores contrary testimony from her mother, contrary inferences from a colloquy among court and counsel, and contrary inferences from the prosecutor's argument to the jury. Hanging by that gossamer thread, the Attorney General argues that the prosecutor proved beyond a reasonable doubt that Riskin committed the count III forcible lewd act after the effective date of the One Strike Law. We reject the Attorney General's argument. (See *People v. Hiscox* (2006) 136 Cal.App.4th 253, 259–262 [38 Cal.Rptr.3d 781].)

Imposition of a One Strike Law term on the count III forcible lewd act violates the ex post facto clauses of the United States Constitution and the California Constitution. Our duty is to remand for resentencing for imposition of a term authorized by law on June 15, 1994—the beginning of the timeframe in that count. (§ 288, subd. (b)(1).) Since that remedy strikes the count III term from the judgment, we will remand for resentencing on count IV, too, in accordance with the conditions of the original sentencing.

### 4. *Concurrent Sentencing**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 234.

## DISPOSITION

To cure the ex post facto violation, the matter is remanded for resentencing on count III with a term that section 288, subdivision (b)(1) authorized on June 15, 1994. To ensure compliance with the conditions of the original sentencing, the matter is remanded for resentencing on count IV. Otherwise the judgment is affirmed.

Vartabedian, Acting P. J., and Hill, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 3, 2007, S147484. Corrigan, J., did not participate therein.