Filed 7/31/14  P. v. Sosa CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F066824 |
| Plaintiff and Respondent, | (Super. Ct. No. 11CM8651) |
| v. | **OPINION** |
| JIMMY WILLIAM SOSA, | |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Franson, J., and Peña, J.

## INTRODUCTION

On October 23, 2012, Jimmy William Sosa, appellant, waived his constitutional rights and pled no contest to one count that he committed a lewd act on a child under the age of 14 (Pen. Code, § 288, subd. (a), count 2)[1] and misdemeanor possession of a firearm with the identification altered or removed (§ 23920, count 6). According to the first amended information, count 2 occurred sometime between April 14, 2004, and April 13, 2007.[2] Evidence from the preliminary hearing indicates count 2 occurred when the victim was seven or eight years old, between April 14, 2004, and April 13, 2006.

Appellant was sentenced to prison for the midterm of six years on count 2 and to a concurrent term of six months on count 6. The court also imposed a series of fines, fees, and other assessments as follows: $300 penal fine (§ 290.3), $300 state penalty assessment (§ 1464), $60 state surcharge (§ 1465.7), $200 county penalty assessment (Gov. Code, § 76000), $150 court construction penalty (Gov. Code, § 70372), $30 DNA funding assessment (Gov. Code, § 76104.6), and a second $90 DNA funding assessment (Gov. Code, § 76104.7).[3]

Appellant contends that these fees either have to be reduced, or stricken, because they were at lower amounts or had not yet been enacted when he committed his offense. Respondent concedes error.

---

[1]    Unless otherwise indicated, all statutory references are to the Penal Code.

[2]    Because the only issue on appeal involves the fines, fees, assessments, and penalties imposed, we do not recount the facts of appellant's offense.

[3]    The trial court orally announced that the section 1464 penalty assessment was $300 but the clerk recorded it as $60.00 in the minute order. The trial court announced the section 1465.7 surcharge was $60.00 but the clerk recorded it as $210 in the minute order. These were scrivener's errors by the clerk.

2

**DISCUSSION**

*Ex Post Facto Clause*

Appellant entered his no contest plea in count 2 to an allegation that he committed the offense between April 14, 2004, and April 13, 2007.  The prosecutor did not narrow the time of the offense with any more specificity.  Referring to the preliminary hearing transcript, the parties agree that the offense occurred between April 14, 2004, and April 13, 2006.

When the prosecutor fails to conclusively prove that the offense occurred after the effective date of the applicable statute, applying the sentencing provisions of the offense based on later enacted statutes violates the prohibition against the *ex post facto* application of law.  (*People v. Hiscox* (2006) 136 Cal.App.4th 253, 261-262 (*Hiscox*); also see *People v. Shaw* (2009) 177 Cal.App.4th 92, 102; *People v. Riskin* (2006) 143 Cal.App.4th 234, 245.)  Although not raised to the trial court, imposition of penalties in violation of the *ex post facto* clause is not subject to forfeiture because it is an unauthorized sentence.  (*People v. McCullough* (2013) 56 Cal.4th 589, 593; *In re Sheena K.* (2007) 40 Cal.4th 875, 882, fn. 3.)

*The Section 290.3 Fine and Penalty Assessments*

Section 290.3 was amended, effective September 20, 2006, to permit a $300 fine for anyone who had to register as a sex offender pursuant to section 290, subdivision (a).  Prior to the effective date of the amendment, the section 290.3 fine was $200.  The fine has a punitive effect.  (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248-1249 (*Valenzuela*).)  The People did not show that appellant's commission of count 2 occurred on or after September 20, 2006.  Therefore, the trial court erred in imposing a $300 fine here rather than a $200 fine pursuant to section 290.3.  (*Ibid*.)

The *Valenzuela* court further found that the section 1464 penalty assessment had to be reduced to $200; the state surcharge pursuant to section 1465.7, subdivision (a) had

3

to be reduced to $40; the Government Code section 76000 penalty assessment had to be reduced to $140; and the Government Code section 70372, subdivision (a)(1) state court construction penalty had to be reduced to $60.  (*Valenzuela*, *supra*, 172 Cal.App.4th at pp. 1248-1249.)

The total amount for the fines described above was $640.  (*Valenzuela*, *supra*, 172 Cal.App.4th at p. 1249.)  The parties agree these amounts should have been imposed in the instant action.

*DNA Penalty Assessments*

The parties further agree that the DNA penalty assessments of $30 imposed under Government Code section 76104.6 and $90 imposed under Government Code section 76104.7 must be stricken because they became operative on November 3, 2004, after the passage of Proposition 69.  Imposition of these fines for an offense that occurred prior to the operative date of the law violates the *ex post facto* clause.  (*People v. Batman* (2008) 159 Cal.App.4th 587, 589-592.)  As noted above, the prosecutor did not prove that count 2 occurred on or after November 3, 2004.  It could have occurred prior to that date.  We will order that the DNA penalty assessments be stricken.

**DISPOSITION**

The judgment imposing fees, fines, penalties and assessments is modified as follows: the DNA penalty assessments imposed pursuant to the Government Code sections 76104.6 and 76104.7 are stricken; the section 290.3 fine is $200; the section 1464 penalty is $200; the section 1465.7 state surcharge is $40; the Government Code section 76000 penalty assessment is $140; and the Government Code section 70372 state court construction penalty is $60.  The case is remanded to the trial court to amend the abstract of judgment and the clerk's minute order of the sentencing proceeding to reflect these changes and to forward the amended documents to the appropriate authorities.  The judgment is otherwise affirmed.

4