Filed 4/14/15  P. v. Pearley CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RONALD BERNARD PEARLEY,<br><br>      Defendant and Appellant. | D065068<br><br><br>(Super. Ct. No. SCD226872) |

APPEAL from a judgment of the Superior Court of San Diego County, Amalia L. Meza, Judge.  Affirmed and remanded with directions.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

In October 2013, a jury found Ronald Bernard Pearley guilty of aggravated sexual assault of a child (Pen. Code,[1] § 269, subd. (a)) (count 1), two counts of committing a forcible lewd act upon a child (§ 288, subd. (b)(1)) with substantial sexual conduct with a child under 14 years of age (§ 1203.0666, subd. (a)(8)) (counts 2 and 7), two counts of committing a lewd act upon a child (§ 288, subd. (a)) with substantial sexual conduct with a child under 14 years of age (§ 1203.0666, subd. (a)(8)) (counts 3 and 6), committing a lewd act upon a child (§ 288, subd. (a)) (count four) and attempting to commit a forcible lewd act upon a child (§§ 664, 288, subd. (b)(1)) (count 8).  In December, the court sentenced Pearley to prison for 15 years to life on count 1 plus 11 years;  a stayed (§ 654) three-year lower term on count 2; two years each (one-third the middle term) on counts 3, 4 and 6; the five-year lower term on count 7 (the principal term) and a concurrent lower term of two years six months on count 8.  Pearley appeals, contending the sentences on counts 7 and 8 were unlawful and asks us to correct those sentences.  He also contends clerical errors in the abstract of judgment concerning counts 3, 4, and 6 and credits must be corrected to reflect the court's oral pronouncement of judgment.

The offenses in counts 7 and 8 occurred between March 2008 and September 2009.  During those years, the lower, middle and upper terms for the offense in count 7, committing a forcible lewd act upon a child, were three, six, and eight years.  (Former § 288, subd. (b)(a).)  As is still the case today, the terms for the offense in count 8,

---

[1]     Further statutory references are to the Penal Code.

attempting to commit a forcible lewd act upon a child, were one-half the terms for the offense attempted. (§ 664, subd. (a).) Ex post facto principles proscribe a punishment greater than that prescribed when the offenses occurred. (*People v. Riskin* (2006) 143 Cal.App.4th 234, 244.) Thus, the correct lower term on count 7 in the instant case is three years, not five years, and the correct lower term on count 8 is one year six months, not two years six months. "[A]n ex post facto violation resulting in an unauthorized sentence may be raised on appeal even if the defendant failed to object below." (*People v. Hiscox* (2006) 136 Cal.App.4th 253, 258.) Respondent correctly concedes the sentences the court imposed on counts 7 and 8 are unauthorized and asks us to vacate those sentences and remand the matter so that the sentencing court may exercise its discretion to select the appropriate terms. Although the court stated its intent to impose the lower term on counts 7 and 8, and gave reasons for its choice, the court misunderstood the possible lower, middle and upper terms and thus the scope of its sentencing discretion. Because it is not clear the court would have imposed the same terms had it been fully informed, we remand for resentencing. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

As to counts 3, 4, and 6, the abstract of judgment reflects two-year terms characterized as one-third the lower term. The terms are, rather, one-third the middle term (§ 1170.1, subd. (a)), and vary from the court's oral pronouncement of judgment. Additionally, the court awarded Pearley 1033 days' actual credits and 154 days' conduct credits (§ 2933.1), a total of 1187. The abstract reflects 1017 and 154 days, respectively,

3

and a total of 1185.  Respondent correctly concedes the abstract must be corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

DISPOSITION

The judgment of conviction is affirmed.  The case is remanded to the superior court for resentencing in a manner consistent with this opinion.  After resentencing, the court shall prepare an amended abstract of judgment (including the corrections discussed above) and forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.