Filed 10/29/15  P. v. Pham CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>NHUT MIHN PHAM,<br><br>  Defendant and Appellant. | H040107<br>(Santa Clara County<br> Super. Ct. No. CC769774) |

A jury found defendant Nhut Mihn Pham guilty on two counts of aggravated sexual assault of a child, eight counts of a lewd or lascivious act on a child, and one count of exhibiting harmful matter to a minor.  (Pen. Code, §§ 269, 288, subd. (a), 288.2, subd. (a).)[1]  The jury found true several enhancements alleging the acts were committed against multiple victims or involved substantial sexual conduct with a victim under 14.  (§§ 667.61, subds. (b), (c), & (e), 1203.066, subd. (a)(8).)  The trial court sentenced defendant to prison for an aggregate term of 153 years to life.

Defendant raises two claims on appeal.  First, he contends his conviction on Count Seven for exhibiting harmful matter to a minor was time-barred under the statute of limitations.  Second, he contends several fines and fees were imposed duplicatively.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

Because we cannot determine whether the conviction on Count Seven was time-barred, we will reverse the judgment and remand to the trial court for a hearing on the matter. We will further instruct the trial court on remand to amend the abstracts of judgment to show the challenged fines and fees were imposed only once.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts of the Offenses*

Defendant was born in Vietnam in the 1940s. He was a family friend to the parents of the two victims, T.N. and her sister Y.N. Because defendant's claims on appeal concern only one of the eleven counts, we will describe the facts of the remaining ten counts briefly.

1. *Molestation of T.N.*

T.N. was born in April 1993. She was 20 years old when she testified at trial. She first remembered meeting defendant when she was in the second grade. T.N. described numerous instances in which defendant touched her vagina or breasts.

Defendant sold cigarettes from a stall at the flea market on Capitol Expressway in San José. T.N.'s parents would leave her there in the care of defendant. T.N. liked to operate the cash register. T.N. described multiple instances in which defendant took her to his car in the parking lot of the flea market. On more than one occasion, defendant put T.N. in the back seat of his car, pulled down her pants, and put his mouth on her vagina. On other occasions, he would drive the car around the parking lot while T.N. sat on his lap. He would put his hands between her legs and touch her vagina, both over her clothes and under them. On one occasion, defendant took out his penis and made T.N. hold it. T.N. described another occasion on which defendant took her to the back of a van and tried to have intercourse with her. T.N. testified to numerous other instances in which defendant touched her in a sexual manner, either touching her vagina through her clothes or grabbing her breasts. T.N. repeatedly and consistently testified these events happened when she was in second grade through sixth grade.

2

## 2. *Exhibiting Harmful Matter (Count Seven)*

T.N. testified about two occasions on which defendant showed her pornography. The first time, he showed her a pornographic magazine at the flea market. T.N. was in the third or fourth grade at the time. The second event happened sometime later. Defendant was babysitting T.N. and her two younger brothers at a house in San José. Defendant had a bedroom in a converted garage of the house. He put T.N. in his bedroom and put a pornographic movie on the television for her to watch. He left the room with the door closed for about 10 or 20 minutes. T.N. saw a man and a woman having sex in the movie. When defendant returned, he lunged at T.N. and attempted to kiss her on the lips. T.N. pushed him away and ran out of the room. T.N. could not remember how old she was when this happened.

## 3. *Molestation of Y.N.*

Y.N. is T.N.'s older sister by a year and a half. She was 21 when she testified at trial. Y.N. helped defendant sell cigarettes at the flea market. She testified to numerous occasions on which defendant touched her sexually.

Y.N. testified that defendant would take her and T.N. to his car in the parking lot of the flea market where he drove them around one at a time. On one occasion, defendant put Y.N. in his lap while he drove. He put his hands under her pants and rubbed her clitoris area. On another occasion, he touched her vagina and her breasts while they were driving around. On numerous other occasions, he touched her breasts. Y.N. testified there were two occasions when defendant touched her breasts in his stall at the flea market. He also touched her breasts once when she was sitting at a computer at home.

## B. *Procedural Background*

The prosecution initially charged defendant by complaint on July 16, 2007. The prosecution then filed the first amended information (the operative charging document) on January 25, 2008. The first amended information alleged eleven counts: Counts One

3

and Two—Aggravated sexual assault of a child under 14 and 10 or more years younger than defendant (former § 269, Stats. 1994, ch. 48, § 1); Counts Three, Four, Five, Six, Eight, Nine, Ten, and Eleven—Lewd or lascivious act on a child under 14 (§ 288, subd. (a)); and Count Seven—Distributing or exhibiting harmful matter to a minor (§ 288.2, subd. (a).)  As to Counts Three, Four, Five, Six, Eight, Nine, Ten, and Eleven, the information included enhancements alleging defendant committed the offenses against more than one victim.  (§ 667.61, subds. (b) & (e).)   As to Counts Four, Five, and Six, the information included enhancements alleging defendant had substantial sexual conduct with a victim under 14.  (§ 1203.066, subd. (a)(8).)

The case proceeded to trial in April 2013.  The jury found defendant guilty on all counts and found all enhancements to be true.  The trial court sentenced defendant to an aggregate term of 153 years to life, as follows.  As to Count Seven, the court imposed the aggravated term of three years based on a finding that defendant had violated a position of trust.  For all remaining counts and enhancements, the court imposed an indeterminate term of 150 years to life, to run consecutively to the determinate term of three years on Count Seven.

## II. DISCUSSION

A. *Statute of Limitations on Count Seven*

Defendant contends his conviction on Count Seven for exhibiting harmful matter to a minor—a violation of section 288.2—was time-barred under the statute of limitations. The Attorney General argues that defendant forfeited this claim by failing to raise it below.  Alternately, she argues the record holds substantial evidence to show the offense occurred within the limitations period.  After examining the record, we are unable to determine whether the offense was time-barred.  Accordingly, under *People v. Williams* (1999) 21 Cal.4th 335, 345 (*Williams*), we will remand the matter to the trial court for a hearing to determine whether the charge was time-barred.

4

1. *Legal Principles*

The prosecution bears the burden of proof by a preponderance of the evidence to show that an offense occurred within the applicable limitations period. (*People v. Riskin* (2006) 143 Cal.App.4th 234, 24; *People v. Smith* (2002) 98 Cal.App.4th 1182, 1187 (*Smith*); § 1102; Evid. Code, § 115.) Under the version of section 801 in effect prior to January 1, 2005, the statute of limitations for a violation of section 288.2 was three years. (Former § 801, Stats. 1984, ch. 1270, § 2; *People v. Simmons* (2012) 210 Cal.App.4th 778, 788 (*Simmons*).) However, effective January 1, 2005, section 801.1 extended the statute of limitations to 10 years for certain enumerated sex crimes against minors, including any felony violation of section 288.2.[2] That extension applied to any felony violation of section 288.2 that was not yet time-barred—i.e., for conduct that occurred on or after January 1, 2002. (*Simmons*, at p. 789 ["extended limitations period [in section 801.1] applies to defendant's violation of section 288.2, subdivision (a), only if the prior three-year limitations period did not expire before January 1, 2005"]; *Stogner v. California* (2003) 539 U.S. 607, 618-619 [no ex post facto violation if limitations period is extended before current period expires].) Thus, by January 1, 2005, the statute of limitations had run on any felony violation of section 288.2, subdivision (a) committed before January 1, 2002. Accordingly, a felony violation of section 288.2 committed prior to January 1, 2002, was time-barred as of January 1, 2005.

2. *The Record Does Not Show Whether Count Seven Was Time-Barred*

Defendant was not charged with violating section 288.2 (Count Seven) until the prosecution filed the first amended information on January 25, 2008. The initial

---

[2] The 2005 version of section 801.1 provided: "Notwithstanding any other limitation of time described in this chapter, prosecution for a felony offense described in subparagraph (A) of paragraph (2) of subdivision (a) of Section 290 shall be commenced within 10 years after commission of the offense." (Stats. 2004, ch. 368, § 1, p. 3470.) A felony violation of section 288.2 is listed in section 290, former subdivision (a)(2)(A), now subdivision (c). (Stats. 2005, ch. 704, § 1; § 290, subd. (c).)

complaint had been filed on July 16, 2007. Since both filings occurred after January 1, 2005, the prosecution of Count Seven would be time-barred by the three-year statute of limitations if the underlying offense occurred before January 1, 2002. If the offense occurred on or after January 1, 2002, the statute of limitations for Count Seven would have been extended to 10 years by section 801.1, and prosecution of the offense would not have been time-barred.

Defendant never raised the statute of limitations in the trial court. The Attorney General argues that the claim is therefore forfeited. Defendant argues that he may raise the claim on appeal under *Williams*, *supra,* 21 Cal.4th 335. In *Williams*, the California Supreme Court held "when the charging document indicates on its face that the action is time-barred, a person convicted of a charged offense may raise the statute of limitations at any time. If the court cannot determine from the available record whether the action is barred, it should hold a hearing or, if it is an appellate court, it should remand for a hearing." (*Id.* at p. 341, footnote omitted.)

Here, the first amended information alleged defendant committed the offense in Count Seven "[o]n or about and between April 9, 2000 and April 8, 2006 . . . ." January 1, 2002, falls within the charged date range.

Defendant contends that when a charging document alleges a date range for an offense that occurred at a discrete point in time, we must look to the earliest date in the range for the purpose of applying the statute of limitations. For this proposition, he relies on an unpublished federal district court opinion stating, "where an offense in California is alleged to have been committed within a range of dates as opposed to on a specific date, the statute of limitations runs from the earliest date the offense could have been committed." (*Carmona v. Martel* (C.D. Cal., June 1, 2011, CV 10-01942 DSF AN) 2011 WL 2650179, p. *6 [citing *People v. Angel* (1999) 70 Cal.App.4th 1141, 1147].) Defendant contends this rule is further supported by *Simmons*, *supra*, 210 Cal.App.4th at page 789, and *People v. Ortega* (2013) 218 Cal.App.4th 1418, 1433 (*Ortega*). The

6

Attorney General disagrees with these authorities and argues that we may look to the entire date range under this court's opinion in *Smith*, *supra*, 98 Cal.App.4th 1182 (charge not time-barred as a matter of law where record shows offense occurred within the charged time range).

After reviewing the cited authorities, we conclude they do not require outright dismissal of a conviction merely because some portion of the charged date range has expired under the statute of limitations. However, none of the cited authorities supports forfeiture of defendant's claim for failure to raise it below. In each case, the court of appeal looked to the record to determine whether the charge was time-barred. As this court stated in *Smith*: "*Williams* concluded the proper method for evaluating a statute of limitations defense, raised for the first time on appeal based upon a facially deficient pleading, is to review the record or, if necessary, to remand the case to the trial court for factual findings on the statute of limitations question." (*Smith*, *supra*, 98 Cal.App.4th at p. 1191.) Accordingly, we look to the record here.

T.N. testified about two incidents that could have formed the basis for the jury's conviction on Count Seven. In the first incident, T.N. testified that defendant showed her a pornographic magazine at the flea market. She testified this happened around the time she was in third or fourth grade. T.N. was in ninth grade when she testified at the preliminary hearing in January 2008, suggesting she entered the ninth grade in the fall of 2007. We can infer that T.N. entered the third grade in the fall of 2001 and left the fourth grade in the spring of 2003. Thus, the record does not show whether the first incident occurred on or after January 1, 2002.

In the second incident, T.N. testified that defendant showed her a pornographic movie on the television in his bedroom. T.N. could not recall how old she was when the second incident occurred, but she testified it happened sometime after the first incident. T.N. repeatedly testified that all of the offenses defendant committed against her occurred

7

when she was in second grade through sixth grade.  In closing argument, the prosecution pointed to the second event as the basis for Count Seven.

Testimony from other witnesses somewhat narrowed the possible time frame for the second incident.  Defendant's son, Mike Pham, testified that he owned the house with the converted garage in which defendant lived.  Mike testified that defendant lived there from 1999 to 2002.  Defendant's other son, Nguyen Pham, testified that he (Nguyen) lived at the house as well.  Nguyen testified that he and defendant moved into the house around 2001.

None of the aforementioned evidence establishes whether the second incident occurred on or after January 1, 2002.  The Attorney General contends substantial evidence supports a finding that the offense occurred after 2002.  She points to testimony by a detective who had interviewed T.N. in 2007.  The detective testified that T.N. had told him "things happened in the fourth grade through the sixth grade," including the incidents where defendant drove T.N. around in his car at the flea market.  The Attorney General characterizes this evidence as showing that *all the incidents* happened while T.N. was in the fourth grade through sixth grade.  The Attorney General infers that the offense therefore must have occurred after 2002, since T.N. entered the fourth grade in the fall of 2002.  But the record does not support this inference since the detective never testified that T.N. specifically told him *the incidents involving pornography* occurred between the fourth grade and the sixth grade.  To the contrary, T.N. testified she told the detective the time frame for *all incidents* was between the second grade and sixth grade.

Based on this record, we cannot determine whether the underlying offense in Count Seven occurred before or after January 1, 2002.  We will therefore remand to the trial court for a hearing to make this determination.  (*Williams*, *supra*, 21 Cal.4th at p. 341 [if an appellate court cannot determine from the available record whether the action is barred, the court should remand for a hearing]; *Ortega*, *supra*, 218 Cal.App.4th at p. 1427.)

B. *Imposition of Duplicative Fines*

Among others fines and fees, the trial court orally imposed a $10,000 restitution fine under section 1202.4; a $10,000 parole revocation restitution fine under section 1202.45; and a $129.75 Criminal Justice Administration fee under Government Code sections 29550 through 29550.2. However, the court issued two abstracts of judgment—one for the determinate term under Count Seven, and another for the indeterminate term imposed on the remaining counts. Both abstracts included the foregoing fines and the fee.

Defendant contends the court erred by imposing these fines and the fee twice because they may only be imposed once per case. The Attorney General agrees that the abstracts of judgment should be clarified to reflect that the trial court imposed these fines and the fee only once.

We accept the Attorney General's concession. Sections 1202.4 and 1202.45 allow for restitution fines "[i]n *every case* where a person is convicted of a crime . . . ." (§§ 1202.4, subd. (b), 1202.45, subd. (a), italics added.) The case law is clear that these fines may only imposed once per case. (*People v. Ferris* (2000) 82 Cal.App.4th 1272, 1277-1278.) Furthermore, as to all fines and fees, the court's oral pronouncement made clear they were imposed only once. "The court's oral pronouncement controls over the abstract of judgment as the latter cannot add to or modify the judgment which it purports to summarize." (*People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1183.) Accordingly, we will order the trial court to correct the abstracts of judgment on remand to impose each fine and the fee only once.

### III.   DISPOSITION

The judgment is reversed and the matter is remanded with the following instructions. First, the superior court shall prepare amended abstracts of judgment showing that the $10,000 restitution fine, the $10,000 parole revocation restitution fine, and the $129.75 Criminal Justice Administration fee were imposed only once. Second,

9

the superior court shall hold a hearing within 60 days of the filing of remittitur to determine whether the offense charged in Count Seven was time-barred under the statute of limitations. If the superior court finds the offense was not time-barred, the court shall reinstate the judgment. If the superior court finds the offense was time-barred, or if the prosecution moves to dismiss Count Seven, the superior court shall strike the conviction on Count Seven and resentence defendant based on the remaining counts.

_____
Márquez, J.

WE CONCUR:

_____
 Rushing, P. J.

_____
Grover, J.

No. H040107
People v. Pham